## Ex parte S. A. BERRIE.

No. A-10136.   Oct. 1, 1941.

(117 P. 2d 807.)

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

BAREFOOT, P. J.   Petitioner, S. A. Berrie, is now confined in the penitentiary at McAlester, where he is serving a life sentence from Muskogee county for the murder of his wife.   He was convicted and sentenced in October, 1932, and in his petition for writ of habeas corpus he contends:

"First.   That the state wholly failed to prove beyond a reasonable doubt that a crime had been committed.

"Second.   That there was no evidence connecting your petitioner with any crime whatsoever.

"Third.   That the state failed to prove beyond a reasonable doubt that deceased died from strychnine poisoning, or that your petitioner administered it or procured it to be done by another.

"Fourth. That there is nothing in the record that shows that deceased died from anything other than natural causes."

The record discloses in a response filed by the warden of the penitentiary that after the conviction of defendant, his case was appealed to this court and the same was affirmed. Berrie v. State, 55 Okla. Cr. 302, 29 P. 2d 979. The identical questions presented in this petition for habeas corpus were raised in the appeal and passed upon by this court at that time. The opinion of the court was a two-to-one decision. Judge Chappell wrote a dissenting opinion. The opinion gives a full discussion of the facts and it is unnecessary to here repeat them.

It has been the uniform holding of this court that we will not pass upon the question of the sufficiency of the evidence in a habeas corpus hearing. It is only when the judgment and sentence under which petitioner is serving is void that this court will assume jurisdiction. Ex parte Green, 69 Okla. Cr. 218, 101 P. 2d 641; Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645; Ex parte Davis, 68 Okla. Cr. 29, 95 P. 2d 915; Ex parte Newman, 67 Okla. Cr. 401, 94 P. 2d 556.

The reason for this rule is apparent in this case. The record does not contain all of the evidence introduced in the trial, but only a few excerpts quoted in petitioner's petition, and on appeal all of the evidence was before the court. Petitioner's only remedy is to present this matter to the Governor of the state for such action as he deems advisable under the pardon and parole powers authorized by the Constitution and laws of this state.

For the reasons stated, the writ of habeas corpus is denied.

JONES and DOYLE, JJ., concur.