# Ex parte JACK PHILLIP BANNING.

No. A-10150.   Jan. 21, 1942.
(121 P. 2d 619.)

Ellmore Pinnick, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

PER CURIAM.   Petitioner filed in this court on the 11th day of October, 1941, his petition for writ of habeas corpus, alleging that he was unlawfully imprisoned and illegally deprived of his liberty in the State Penitentiary at McAlester.   He alleged that he was sentenced to the penitentiary from Oklahoma county in January, 1931, for a period of 10 years for the "larceny of an automobile."   That he entered a plea of guilty with an agreement with the county attorney that he would recommend a sentence of five years, and that such sentence would be

suspended. That the court refused to follow the recommendation of the county attorney and assessed the penalty of 10 years in the penitentiary, but suspended the 10-year sentence. That the maximum penalty under the law for the crime charged was 20 years. It is further alleged that on February 17, 1938, this sentence was revoked by the district court of Oklahoma county, and that petitioner was sentenced to serve one year in the penitentiary at McAlester for another crime, the nature of which is not revealed by the record, said sentence to commence upon the completion of the 10-year sentence above mentioned. No proof of any kind has been offered by petitioner to sustain the allegations of his petition, nor has any brief been filed in support thereof. It is alleged that copies of the judgment and sentence and suspended sentence cannot be attached for the reason that said papers cannot be found in the files of the court clerk's office of Oklahoma county. It is contended that, under the circumstances above stated, the assessment of the penalty of 10 years in the penitentiary is cruel and unusual punishment and in violation of article 2, sec. 9, of the Constitution of the State of Oklahoma, Okla. St. Ann. which says:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted."

It is further alleged that petitioner has been imprisoned more than sufficient time to serve out the full time of the two sentences. There is no proof before us that this is true. There is not attached to the petition any statement from the warden which shows when petitioner was confined, the length of time for which he was to serve or when he would be released.

The Attorney General, on behalf of the warden of the penitentiary, has filed a demurrer to the petition. In

support of the demurrer there are cited the cases of Ex parte Tollison, 73 Okla. 38, 117 P. 2d 549, and In re McNaught, 1 Okla. Cr. 528, 99 P. 241. In the Tollison Case it is said [117 P. 2d 550]:

"We again call attention to the fact that this court on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors of law on questions over which the court has jurisdiction. The writ of habeas corpus cannot be used to perform the office of a writ of error on appeal, but will be limited to cases in which the judgment and sentence of the court attacked is clearly void. See Ex parte Dunn, 33 Okla. Cr. 190, 242 P. 574; Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486."

In the McNaught Case it is said [1 Okla. Cr. 528, 99 P. 254]:

"Under section 2411, Gen. St. 1908, 12 Okla. St. Ann. § 1342, above quoted, a judgment by a district court, valid on its face, is an unanswerable return to a writ of habeas corpus, instituted for the release of a prisoner by virtue of such judgment. The court having fixed the maximum punishment permissible under the law, it is not for this court to review on a proceeding in habeas corpus the question as to whether or not the sentence imposed is cruel, excessive, and unjust, this being a question that could only be reviewed upon appeal. If the vice of the judgment and sentence relied on is that it is cruel, unjust, and excessive in character as in this case, and not that it is of an entirely different character from that authorized by law, the writ will be denied and the prisoner remanded. Where an appeal or other direct method for the correction of errors in a judgment is provided for, as in our laws, that procedure must be followed."

These cases fully sustain the position taken by the Attorney General, and for the reasons therein stated the demurrer to the petition should be sustained and the petition for writ of habeas corpus denied.