Ex parte LESLIE CAMERON.

No. A-10437.     Nov. 17, 1943.

(143 P. 2d 164.)

Leslie Cameron, in pro. per.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for respondent.

JONES, P. J. This is an original proceeding in habeas corpus wherein the petitioner, Leslie Cameron, seeks to secure his release from the State Penitentiary at McAlester where he is confined pursuant to a commitment from the district court of Washington county upon a conviction and sentence of life imprisonment for the crime of murder.

In the verified petition it is alleged that petitioner has been confined in the penitentiary since January 30, 1939. That he was unable to perfect an appeal to this court within the time allowed by law, but that his imprisonment and restraint is unlawful for the reason that one of the members of the jury panel was the father of the county attorney. Petitioner then alleges several errors were committed in the trial of said case which were prejudicial to his rights. These allegations are directed to the testimony of the state's witnesses and to the failure of the court to limit the jury in its consideration of the case to the crime of manslaughter in the first degree, and it was contended in that connection that there was wholly a lack of evidence to show that petitioner could have been guilty of the crime of murder.

We have carefully considered the very lengthy petition herein filed. Every averment thereof pertains to some matter which would require this court to make a review of the evidence to decide. Not one allegation is made which would show that the court did not have jurisdiction to render the judgment which was given.

Before this court may issue a writ of habeas corpus to release a prisoner from restraint, serving under a commitment upon conviction in any of the courts of Oklahoma, it must be shown by petitioner that there was an entire

want of jurisdiction in the trial court to issue the commitment or this court will not interfere.

In the case of Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550, 551, it is stated:

"Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the questions whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and did the court have jurisdiction to render the particular judgment."

If the vice of the judgment and sentence relied on is that it is cruel, unjust, and excessive in character, and not that it is of an entirely different character from that authorized by law, the writ will be denied and the prisoner remanded. Where an appeal or other direct method for the correction of errors in a judgment is provided for, as in our laws, that procedure must be followed. Ex parte Banning, 73 Okla. Cr. 398, 121 P. 2d 619.

The Criminal Court of Appeals will not pass upon the question of the sufficiency of the evidence in a habeas corpus proceeding. Ex parte Berrie, 73 Okla. Cr. 65, 117 P. 2d 807.

The exhibits attached to the petition show that petitioner was represented by counsel at his trial and if one of the jurors was related to the county attorney, it was a matter for inquiry upon the voir dire examination. The fact that one of the jurors had the same name as one of the prosecuting attorneys was sufficient to put defendant on inquiry as to any possible relationship. Doubtless it was known to petitioner's counsel whether there was a relationship. The failure to exercise a challenge to this particular juror constitutes a waiver as to any implied bias and is not sufficient to oust the court of jurisdiction to render the particular judgment.

It is therefore ordered that the petition for writ of habeas corpus be and the same is hereby denied.

BAREFOOT, J., concurs.   DOYLE, J., absent.