## Ex parte CAMERON.

No. A-11276.　May 17, 1950.

(218 P. 2d 654.)

Leslie Cameron, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondents.

POWELL, J. The petitioner, Leslie Cameron, seeks by way of writ of habeas corpus to secure the dismissal of certain charges pending against him in Nowata county, Okla. It appears that petitioner is now serving a life sentence in the State Penitentiary at McAlester, where he is confined pursuant to a commitment from the district court of Washington county upon a conviction and sentence of life imprisonment for the crime of murder. This court has heretofore denied one petition of petitioner for a writ of habeas corpus. See: Ex parte Cameron, 78 Okla. Cr. 42, 143 P. 2d 164.

In the present petition the said Leslie Cameron seeks to secure the dismissal of two criminal charges apparently filed with the county judge of Nowata county, as an examining magistrate, and particularly to obtain dismissal in case No. 3935, wherein petitioner is charged with robbery with firearms, and where a "hold order" was placed with the officials of the State Penitentiary on October 11, 1939, prior to the first application for writ of habeas corpus. Petitioner claims that the charges prevent him from being considered to act as a trusty, and that the charges and warrant issued are null and void in that the officials of Nowata county have known of his whereabouts for more than eleven years.

It will be noted that no warrant has ever been served on the petitioner in either of the cases in question and that he is not detained by reason of said charges. Petitioner sets out a motion to dismiss that he filed with the district judge of Nowata county, but no information hav-

ing been filed in the district court, the district judge had no authority to issue an order of dismissal.

The validity of the judgment and sentence under which petitioner is presently incarcerated is not involved.

The Attorney General has filed a response to the petition for the writ of habeas corpus in the nature of a demurrer. We conclude that it is well taken in that the scope of inquiry of this court is limited to a person restrained of his liberty. Tit. 12 O.S.A. § 1331. The matters now alleged were not involved and have no connection with the charge under which petitioner is being held, and a discharge is not sought. The petition is in the nature of a petition for writ of mandamus, but under the facts recited is wholly insufficient, and cannot be considered by this court. If the charges complained of are barred by the statute of limitations, 22 O.S.A. § 152, and are void, to obtain dismissal the petitioner must proceed by appropriate action in the court of the examining magistrate where the charges are filed.

It is therefore ordered that the petition for writ of habeas corpus be and the same is hereby denied.

JONES, P. J., and BRETT, J., concur.