# ROE v. BURFORD.

No. A-11568.   Dec. 26, 1951.

(239 P. 2d 527.)

George Roe, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

JONES, J. This is an original action in habeas corpus instituted by George Roe in an effort to secure his release from confinement in the State Penitentiary.

George Roe was convicted in the district court of Carter county on August 21, 1940, for the crime of manslaughter in the first degree and sentenced to serve 35 years imprisonment in the penitentiary. He has been confined in the institution since that time.

In the verified petition two propositions are presented. First, the petitioner was denied equal protection of the law. Second, the sentence was excessive and should be modified.

The basis for the first contention is the allegation by petitioner that prior to the time he shot and killed one C. J. Cannavan the said Cannavan had threatened him repeatedly with death and had been arrested on three different occasions for pointing a pistol at the petitioner; that on each of these occasions the petitioner asked the county attorney to place the said Cannavan under a peace bond but that said request was denied. These questions were all presented to the trial court in the defense conducted by defendant and his counsel and were no doubt factors in causing the jury to return a verdict of guilty of manslaughter when the charge was for murder. Such question is not one which may properly be presented by habeas corpus as it does not go to the jurisdiction of the court.

This court has held many times that the question of the excessiveness of the punishment meted out to an offender could not be raised on habeas corpus but could only be presented on an appeal from the judgment and sentence. Ex parte Banning, 73 Okla. Cr. 398, 121 P. 2d 619.

The writ of habeas corpus is denied.

BRETT, P. J., and POWELL, J., concur.