## VAHLBERG v. TURNER, Sheriff.
### Civ. A. No. 5884.

United States District Court
W. D. Oklahoma.
June 17, 1953.

John B. Ogden, Oklahoma City, Okl., for petitioner.

Granville Scanland, County Atty., Oklahoma City, Okl., for defendant.

WALLACE, District Judge.

The petitioner, W. H. Vahlberg, was convicted of a statutory charge of second-degree forgery by a jury in the State District Court of Oklahoma County. Upon appeal the Criminal Court of Appeals of Oklahoma, 249 P.2d 736, affirmed the judgment of the lower court but reduced the punishment from 5 years imprisonment to imprisonment for 120 days. A writ of certiorari

was denied by the United States Supreme Court, 345 U.S. 923, 73 S.Ct. 781.

Petitioner now requests this Court to issue a writ of habeas corpus upon the grounds:

1. That the complaint filed against him in the original criminal proceeding was unverified.

2. That the State District Judge determined as a matter of law a controversy which was properly one of fact for the jury, and that such action by the court amounted to a denial of due process of law.

3. That he was tried on a charge different from the one upon which he was examined, which constituted a denial of equal protection of the law.

At the hearing on the instant petition this Court entertained argument both as to jurisdiction and on the merits.

The Court, after careful consideration, has come to the conclusion that the petition should be denied for the reason that the petitioner in question has failed to exhaust available state remedies.

Although, concededly, the "great writ" has for many centuries stood as a bulwark protecting the inalienable liberty of man,[1] this same writ has been the object of abuse and source of confusion. A portion of this abuse and confusion has stemmed from the fact of the existence of our state-federal dual court systems with their overlapping jurisdictions.

Logically, although the federal court has remained most sensitive to the citizen's right to apply for relief by means of "habeas corpus" the federal law has veered toward the point of least conflict and friction with state jurisdiction and authority; thus, a person detained under state court judgment of conviction must, as a prerequisite to approaching the federal court for a writ of habeas corpus, exhaust all state remedies.[2]

The classic case of Ex parte Hawk did much to clarify just what constituted an exhausting of state remedies; the direct ruling therein established that ordinarily an application for writ of certiorari to the United States Supreme Court after an adverse ruling by the highest state court was necessary in order to exhaust all state remedies.[3] The case of Wade v. Mayo, some four years later had the effect of once again raising what had been considered settled, the question of what constituted "exhausting", inasmuch as the Supreme Court therein held that the federal court had jurisdiction of the Wade petition even though no application for certiorari had previously been made to the Supreme Court.[4] However, the Act of Congress in 1948[5] did much to clearly establish the governing rule, not only in regard to the point of certiorari involved in the Hawk and Wade cases, supra, but in the many related points dealing with the exhausting of state remedies. Section 2254 of the federal Habeas Corpus Act provides:[6]

---

1. See "Habeas Corpus a Protean Writ and Remedy" by George F. Longsdorf, 8 F.R.D. 179.

2. House v. Mayo, 1945, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739. See also, Morgan v. Horrall, 9 Cir., 1949, 175 F.2d 404, certiorari denied 338 U.S. 827, 70 S.Ct. 76, 94 L.Ed. 503; Huffman v. Smith, 9 Cir., 1949, 172 F.2d 129.

3. 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L. Ed. 572.

4. 1948, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647. In the Wade case the Supreme Court held that inasmuch as no federal question existed at the time application for certiorari could have been made from the state court decision, that such an application would have been futile and

hence not necessary in order to exhaust the state remedy. Also, the Wade case stands for the principle that where extraordinary circumstances exist the federal court has the power to accept jurisdiction.

As mentioned by Mr. Justice Reed in Darr v. Burford, 1949, 339 U.S. 200, 210, 70 S.Ct. 587, 593, 94 L.Ed. 761, "We do not stop to reexamine the meaning of Wade's specific language. Whatever deviation Wade may imply from the established rule will be corrected by this decision."

5. 28 U.S.C.A. §§ 2241–2255. See in particular section 2254.

6. Note 4, supra. "Limiting the Abuse of Habeas Corpus" by Hon. John J. Parker, Chief Judge, United States

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

In light of the plain reading of the statute and in view of the stipulation by petitioner's counsel that no habeas corpus proceeding has been attempted in the state courts, it is apparent that the state remedies have not been exhausted; the petitioner clearly "has the right under the law of the State to raise * * * the question presented", inasmuch as the Oklahoma law expressly permits a collateral attack by way of habeas corpus.[7]

The former proceeding was in the form of a direct appeal to correct errors of law and was not in the nature of a collateral attack expressly challenging the jurisdiction of the state district court upon the ground of violations of *federal* constitutional rights. The instant petition fails to show that any of the state courts passed upon the federal questions now raised and in fact the evidence affirmatively indicates that these federal issues were *first* raised at the time of the petitioner's application to the Supreme Court for certiorari.

The instant petitioner is in a position similar to the one occupied by the petitioner in United States ex rel. Keener v. Foust, wherein the court said:[8]

"* * * I think that petitioner has not yet exhausted his state remedies. The petition discloses that neither the Superior Court nor the Supreme Court of Pennsylvania has directly passed upon the federal question involved. It shows that petitioner's contention that the sentence imposed upon him violated his rights under the 14th Amendment was not clearly presented to the Superior Court on the petition for a writ of habeas corpus * * *. Nor was it clearly presented in the record before the Supreme Court of Pennsylvania on the petition for an allowance of appeal * * *."

The just quoted reasoning is in complete harmony with the intent of Congress in regard to the statutory provisions on "habeas corpus". Although Congress has vested the federal district courts with au-

Court of Appeals, Fourth Circuit, Chairman, Judicial Conference Committee which drafted the new Habeas Corpus Act, is very informative. Judge Parker in referring to section 2254 said: "It will be noted that this section does not prevent application for habeas corpus to the federal courts, if the state has failed to provide corrective process available to the applicant, or if there are circumstances which render the state process ineffective to protect his rights. If the State has provided adequate process, however, and no such circumstances appear, the application may not be granted unless it appears that applicant has exhausted his remedies under state law; and an applicant is not deemed to have exhausted such remedies 'if he has the right under the law of the State to raise, by any available procedure, the question presented'. *The effect of this last provision is to eliminate for all practical purposes, the right to apply to the lower federal courts for habeas corpus in all states in which successive applications may be made for habeas corpus to the state courts; for, in all such states, the applicant has the right, notwithstanding the denial of prior applications, to apply again to the state courts for habeas corpus and to have action upon such later application reviewed by the Supreme Court of the United States on application for certiorari.*" 8 F.R.D. 171, 176 (Emphasis added.)

This article was cited by Mr. Justice Reed in Darr v. Burford, 1949, note 5, supra, 339 U.S. at pages 212, 213, 70 S. Ct. at pages 594, 595.

7. See 12 Okl.Stat.Ann. §§ 1331–1355.

8. D.C.Pa.1949, 84 F.Supp. 939, 941.

thority to grant relief where the circumstances so justify, the clear intent of Congress is to reduce to an absolute minimum the conflict in jurisdiction between the state and federal courts. The limited use of federal court authority conforms with both law and logic.[9] Certainly, the state courts should be granted every opportunity to correct their own errors and a constitutional rebuff, if any, from the federal judiciary should come from the United States Supreme Court by means of certiorari.

█ Upon the facts in the instant case, even if petitioner's counsel could establish that all federal questions were properly raised and passed upon in the prior state proceeding, it is unlikely this Court, apart from the jurisdictional defect, would be warranted in granting relief. Where state courts have considered and adjudicated the merits of a petitioner's contentions and where the United States Supreme Court has either reviewed or declined to review the state court's decision, ordinarily a federal court will not re-examine upon writ of habeas corpus the questions thus adjudicated.[10]

Petition is hereby denied.

9. As also mentioned by Judge Parker, in "Limiting the Abuse of Habeas Corpus", Note 6, *supra*, 8 F.R.D. at page 176, "It may be argued that once a petitioner has applied for habeas corpus to the courts of the state and has been denied relief, he may proceed with his federal remedy without more ado, since further application to the state courts might well be presumed to be futile. The answer to this is that such further application to the state courts is not futile because it lays the foundation upon which application can be made to the Supreme Court of the United States for certiorari. This touches the heart of the question. The thing in mind in the drafting of this section [section 2254] was to provide that review of state court action be had so far as possible only by the Supreme Court of the United States, whose review of such action has historical basis, and that review not be had by the lower federal courts, whose exercise of such power is unseemly and likely to breed dangerous conflicts of jurisdiction."

10. Ex parte Hawk, note 4, *supra;* Salinger v. Loisel, 1924, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989. Obviously, where resort to state court remedies has failed to afford a full and fair adjudication of federal contentions, either because the state affords no remedy or because in the particular case the available state remedy proves in practice unavailable or inadequate, the petition for habeas corpus should be considered by the federal court. Cf. Mooney v. Holohan, 1934, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Moore v. Dempsey, 1922, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Ex parte Davis, 1942, 318 U.S. 412, 63 S.Ct. 679, 87 L.Ed. 868.

However, as mentioned by Mr. Justice Reed in Darr v. Burford, note 4, *supra*, 339 U.S. at page 217, 70 S.Ct. at page 597: "* * * It is this Court's conviction that orderly federal procedure under our dual system of government demands that the state's highest courts should ordinarily be subject to reversal only by this Court and that a state's system for the administration of justice should be condemned as constitutionally inadequate only by this Court."

In Stonebreaker v. Smyth, 4 Cir., 1947, 163 F.2d 498, 499, Judge Parker said: "* * * While action of the Virginia courts and the denial of certiorari by the Supreme Court were not binding on the principle of res judicata, they were matters entitled to respectful consideration by the court below; and in the absence of some most unusual situation, they were sufficient reason for that court to deny a further writ of habeas corpus. It would be intolerable that a federal district court should release a prisoner on habeas corpus after the state courts have refused him relief in precisely the same case on a similar writ and the United States Supreme Court has refused to review their action on certiorari. This would be, in effect, to permit a federal district court to review the Supreme Court of the United States as well as the highest court of the state."