**Leslie CAMERON, Appellant,**

v.

**H. C. McLEOD, Warden, Oklahoma State Penitentiary, Appellee.**

No. 5288.

United States Court of Appeals Tenth Circuit.

April 16, 1956.

Leslie Cameron, pro se.

No appearance for appellee.

Before MURRAH and PICKETT, Circuit Judges, and HILL, District Judge.

PER CURIAM.

On January 30, 1939, petitioner was convicted in the District Court of Washington County, Oklahoma, of murder in the first degree and sentenced to serve a term of life imprisonment. He is now confined in the Oklahoma State Penitentiary at McAlester, Oklahoma.

This is an appeal from a judgment of the United States District Court for the Eastern District of Oklahoma discharging the writ of habeas corpus and denying petitioner relief.

It is regretable that the State of Oklahoma did not see fit to appear on behalf of the Warden of the State Penitentiary either in the Federal District Court or in this Court. Such failure places the burden upon the Federal Courts to investigate the facts and examine the applicable law without the assistance of a representative of the State of Oklahoma, whose duty it is to represent state officials in litigation.

The murder charge was filed in Nowata County, Oklahoma and the trial of the case was transferred to Washington County, Oklahoma, on a change of venue. The County Attorney of Nowata was in charge of the prosecution; he was assisted to some extent by the County Attorney of Washington County. The petitioner was represented throughout by two experienced attorneys appointed by the court. At the hearing on the petition for habeas corpus, evidence was introduced to the effect that the foreman of the jury which found the petitioner guilty, was the father of the prosecuting attorney in Washington County. The jury was examined by attorneys for the petitioner and the juryman was allowed to serve without challenge. The petitioner testified that he did not know of the relationship until after the trial. This was assumed to be true by the trial court and was the sole ground relied upon to sustain the writ. The record shows that in 1943 the petitioner sought relief upon the same grounds by an original habeas corpus proceeding in the criminal court of appeals of the State of Oklahoma, which was denied. Ex parte Cameron, 78 Okl.Cr. 42, 143 P.2d 164. No appeal was taken from this decision. The remedies available in the state courts have not been exhausted.

The law is well established that a petition for habeas corpus by one confined under a state court judgment will not be entertained in federal court unless petitioner has exhausted all state remedies, including an appeal to the ap-

propriate state courts and to the Supreme Court of the United States. 28 U.S.C.A. § 2254; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragan, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Wild v. State of Oklahoma, 10 Cir., 187 F.2d 409; Vahlberg v. Turner, D.C.W.D. Okl., 113 F.Supp. 398.

Furthermore, it would appear that the irregularities complained of in the selection of a jury for the trial of the petitioner were such that they could be corrected only on appeal and were not a denial to the petitioner of the constitutional guaranties of due process which would render the judgment void. Odell v. Hudspeth, 10 Cir., 189 F.2d 300.

Affirmed.