Application of Billie Lue GREGORY, for Writ of Habeas Corpus.

No. A–12485.

Criminal Court of Appeals of Oklahoma.

May 20, 1957.

Thomas D. Frasier, Tulsa, Jack Freeman, Pryor, for petitioner.

L. O. Thomas, County Atty., Craig County, Vinita, for respondent.

POWELL, Judge.

On May 1, 1957 petitioner filed herein his petition for a writ of habeas corpus seeking his release from the county jail of Craig County. Defendant is a minor, 18 years of age.

On May 8, 1957 hearing was held before this court, and evidence heard, and counsel for petitioner given five days to file brief in support of petition, the county attorney of Craig County to have five days after receipt of copy of such brief in which to file answer brief.

On April 5, 1957 this court had granted this same petitioner a writ of habeas corpus and caused his release from the county jail of Mayes County where he had been held for over sixteen months without trial. See In re Habeas Corpus of Gregory, No. A–12,445, Okl.Cr., 309 P.2d 1083.

On hearing in the present case the transcript of the evidence in No. A–12,445 was offered by petitioner and received, along with other evidence.

The record shows that on petitioner's release in case No. A–12,445 he was placed in custody of the United States Air Force, and subsequently, in April, 1957 was discharged from the military service, and he actually, for the first time, came into custody of the Craig County authorities, who had placed a hold order with the military establishment. This occurred on April 17, 1957.

It is alleged in petition that petitioner is entitled to be discharged from his present incarceration because:

"The Craig county officials knew of, and participated in the arrest and incarceration and interrogation of your petitioner in 1955, and they, therefore, knew, or should have known that the Constitutional rights of your petitioner were being violated and ignored. Therefore, your petitioner submits the following reasons for his release:

"(a) Justice has not been administered unto your petitioner without delay, as guaranteed to him by the Constitution of the State of Oklahoma, in that although he has repeatedly demanded of his Court-appointed defense counsel and the county attorney that he be tried for his alleged crime, yet he has not been tried for the same.

"(b) Petitioner has been denied due process of law as guaranteed to him by the 14th Amendment to the Con-

stitution of the United States of America in Article II, Section 7, of the Constitution of the State of Oklahoma, in that he has been restrained of his liberty without due process of law.

"(c) That he has been denied the rights of an accused in a criminal case, as guaranteed to him by Article II, Section 20 of the Constitution of the State of Oklahoma, in that he has not had a speedy and public trial by an impartial jury, although he has repeatedly demanded one.

"(d) That he has been denied his rights as an accused, as guaranteed to him by Article II, Section 20, of the Constitution of the State of Oklahoma, in that he was not represented by, or heard by counsel and was not properly advised of his rights during the entire time he spent in jail.

"(e) That your petitioner knew there was a purported charge in Craig County at the same time that he petitioned this Court in that your petitioner informed this Honorable Court of this charge at that time and that your petitioner further believes that the grounds and reasons presented at the previous hearing before this Honorable Court are applicable now."

In response filed by the county attorney of Craig County, there was presented an affidavit from L. L. Weaver, Sheriff of Mayes County, wherein he states that he:

" * * * did hold the position of Sheriff of Mayes County, Oklahoma, in the year 1955; that in pursuit of his lawful duty as such sheriff in 1955, on or about the 9th day of November in said year, that he picked up the defendant, namely Billy Lou Gregory, at Bartlesville, Oklahoma, early on said morning and that on returning to Mayes County with his prisoner, the said Billy Lou Gregory stated that he would like to stop by Vinita and make a confession relevant to an 'Attempted Armed robbery' and a 'Car Theft' in said county; that in com-

pliance therewith, he stopped at Vinita on said date with his prisoner and that said Billy Lou Gregory offered to and did make a free and voluntary statement relevant to the crimes that he had committed in Craig County, and that prior to making said statement, the said Billy Lou Gregory was advised by the Honorable John Q. Adams, assistant county attorney of Craig County, Oklahoma, that he did not have to make any statement, that he could remain silent and that he was also entitled to be represented by counsel before making any statement. That in response to this admonition, the said Billy Lou Gregory wanted to and did make a voluntary statement relating to his criminal activities; that said statement was made before me, the undersigned L. L. Weaver, and before Vernon Glenn, Chief of Police of Vinita, Oklahoma; before John Q. Adams, Assistant County Attorney of Craig County, Oklahoma; before L. O. Thomas, county attorney of Craig County, Oklahoma; and Eli Moore of Pryor, Oklahoma. Affiant further states that the prisoner was in his custody and his control and that he stopped at Vinita, not to relinquish the prisoner to the Craig County authorities, but purely in compliance with the defendant's request that he be allowed to make a statement to the authorities, as hereinabove set forth."

At the hearing before this court on May 8, 1957 no evidence was presented to refute the statements above quoted from the affidavit of Sheriff L. L. Weaver, of Mayes County.

From the evidence we find that though a criminal prosecution had been commenced against petitioner on September 24, 1955 in the justice of the peace court of Geo. W. Zumwalt, in Craig County, by the filing of a preliminary information or complaint, jurisdiction of the person of the defendant was not obtained until April 17, 1957, when he was properly arraigned,

entered a plea of not guilty, and thereafter a preliminary hearing was had and the defendant bound over to the district court of Craig County, arraigned and his case set down for trial for May 20, 1957.

The argument that the shortcomings of the officials in Mayes County in holding petitioner in jail for over sixteen months without affording him a speedy trial should also be charged to the Craig County officials is fallacious. It should be kept in mind that petitioner was never within the jurisdiction of the justice of the peace court of Craig County until April 17, 1957. The justice of the peace could not set the case for trial until he had acquired jurisdiction of the person of the defendant. Hurst v. Pittman, 90 Okl.Cr. 329, 339, 213 P.2d 877.

It is true that during the pendency of the complaint in the justice of the peace court, defendant was incarcerated in jail in the adjoining county of Mayes awaiting trial on a charge pending in that county. The court there did have jurisdiction of the person of the defendant and he was never free on bond. For such reason this court held in keeping with the decided cases that he had been denied his constitutional right to a speedy trial. The argument that he had not demanded trial was overruled. It was said that "Where the accused is held without bail, the law makes the demand for him and the prosecution has the burden of showing that the trial was delayed for some lawful cause." This court held that the prosecution in that case did not meet the burden.

Here the only complaint that defendant could register, would be prompt and speedy hearing after the magistrate would acquire jurisdiction of the person. See Ex parte Cameron, 91 Okl.Cr. 317, 218 P.2d 654. We have gone so far as to hold that where a prisoner is detained in the State penitentiary on a conviction and there is a complaint pending before a magistrate and a hold order has been filed with the Warden that prevents him from receiving consideration for being designated a trusty,

and where it appears that the charge may be barred by the statute of limitations and where prisoner has sought preliminary hearing and if bound over to the higher court for trial, and where prisoner files motions to set the case down for hearing or dismissal, without action on the part of the officials, and where the county attorney advises prisoner that he never intends to dismiss the complaint or to prosecute, under the special conditions this court did order the complaint dismissed. See Application of Cameron, 97 Okl.Cr. 81, 258 P.2d 208.

In the case of Inverarity v. Zumwalt, 97 Okl.Cr. 294, 262 P.2d 725, 729, this court reviewed the previous holdings of the court and refused to order preliminary complaint against Inverarity dismissed, although it had been pending for over two years. He did not seek a speedy trial, but sought dismissal of the charge because he contended that during the pendency of the action he had been incarcerated in the State penitentiary and that the prosecuting authorities were well aware of it and that it was their duty to take steps to have him removed from the penitentiary and brought within the jurisdiction of the prosecuting authorities for prosecution, and by reason of failure so to do, that several terms of court having expired, he should be freed of the charges.

In the Inverarity case, in the body of the opinion, we said:

"Ordinarily Art. II, § 20 of the Constitution of Oklahoma and the provisions of the statutes, Tit. 22 O.S. 1951 §§ 811 and 812, guaranteeing to persons accused of crime the right to a speedy trial, and held to entitle a person to a dismissal once the case is pending in the trial court and is continued from time to time over the objections of the defendant, McLeod v. Graham, 6 Okl.Cr. 197, 118 P. 160; State ex rel. Sims v. Caruthers, 1 Okl.Cr. 428, 98 P. 474; Davidson v. State, 82 Okl.Cr. 402, 171 P.2d 640, does not apply to preliminary hearings, but such provisions in extreme situations, as in the Cameron case,

might be treated as authority for the issuance of a writ of mandamus by reason of the principle enunciated in Hurst v. Pittman, supra, [90 Okl.Cr. 329, 213 P.2d 877] and heretofore quoted."

In the Cameron case the prisoner was not in a jail awaiting trial on a charge that had not been disposed of, but was serving a sentence in the State Penitentiary where the orderly processes of the law would not be interfered with by his removal to answer the charge pending and that had never been disposed of. And it will be noted that he was actually demanding a trial by written motion and not demanding that such charge be dismissed without more.

In the within case, suppose the Craig County charge had not been filed until a few days before petitioner was discharged from the military service. Would it still be contended that defendant would be entitled to discharge from imprisonment by reason of the Mayes County episode?

Filing the charge tolls the running of the statute of limitations (Inverarity v. Zumwalt, supra) but there are instances where a complaint may be filed and dismissed for lack of evidence, either on hearing by the magistrate, or on motion of the county attorney prior to hearing, but where it may subsequently be refiled by reason of the discovery of further evidence. A case may even go so far as the filing of an information and arraignment in the district court and be dismissed without prejudice on motion of the county attorney for reasons sufficient to him and the court, possibly procedural errors, defective information, wrong charge, etc., yet it may be refiled unless jeopardy has taken place.

If petitioner is entitled to his discharge in the present case, then prosecution of any other crimes he may have committed within this State, even if the charge were murder (where the statute of limitations does not apply, 22 O.S.1951 § 151) on down, would be barred.

We specifically hold that where the examining magistrate in Craig County never obtained jurisdiction of the person of the petitioner until after he was discharged from imprisonment in jail in Mayes County, that where thereafter the Craig County officials offered petitioner a speedy trial that such was all that he was entitled to, and that he is not entitled to a writ of habeas corpus on account of matters alleged to have happened in Mayes County that violated (and have been so found by this court) his constitutional rights to a speedy trial in Mayes County.

The writ of habeas corpus is denied.

BRETT, P. J., and NIX, J., concur.