**T. L. MARTIN, Petitioner,**

v.

**R. R. RAINES, Warden, Oklahoma State Penitentiary, et al., Respondents.**

**No. A–13131.**

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1961.

T. L. Martin, McAlester, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent warden.

BRETT, Judge.

The petitioner, T. L. Martin, seeks by writ of habeas corpus to secure the dismissal of a certain detainer or hold order placed against him by the State of Texas with the Warden of the Oklahoma State Penitentiary.

The petition herein was prepared by petitioner without the aid of counsel. This Court has often held that a pleading prepared by an inmate of a State institution without the assistance of an attorney will be liberally construed. Ex parte Lewis, 92 Okl.Cr. 334, 223 P.2d 143; Ex parte Cassidy, 83 Okl.Cr. 159, 174 P.2d 271; Ex parte Walker, 84 Okl.Cr. 190, 180 P.2d 670. We have, therefore, permitted this petition to be filed, and have carefully read and considered the same.

It appears that petitioner was charged in the district court of Tulsa County with second degree burglary, and on a plea of guilty was, at the March, 1961 term of said court, sentenced to six years in the State Penitentiary. Petitioner states: "Your petitioner declares he has no complaint of this, the proceeding."

He then states that a detainer or hold order has been lodged with the Warden of the Penitentiary by the authorities of Sherman, Texas, and prays for removal of such detainer or hold order, and that he be released from "the prejudicial effects of such hold order."

The petition herein, while labelled petition for writ of habeas corpus, is in the nature of a petition for writ of mandamus. Ex parte Cameron, 91 Okl.Cr. 317, 218 P.2d 654.

The Court of Criminal Appeals of the State of Oklahoma has no jurisdiction over the authorities of the State of Texas, or authority to order the dismissal of the retainer or hold order filed against this petitioner by the State of Texas. Langham v. Cochran, Okl.Cr., 357 P.2d 583.

A writ of habeas corpus is a common-law writ directed to one detaining a person, commanding him to produce such detained person at a designated time and place to do, submit to and receive whatever the court shall consider in that behalf. The scope of inquiry of this Court is limited to a person restrained of his liberty, and relief will be granted when it appears the restraint is unlawful.

The validity of the judgment and sentence under which petitioner is presently incarcerated is not involved, and it is evident that there is no legal duty imposed upon the Court of Criminal Appeals to entertain this proceeding, and upon that ground, the application for writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.