Frank L. JACKSON, Petitioner,

v.

The STATE of Oklahoma, and The City Court of Muskogee, Oklahoma, Respondents.

No. A–13373.

Court of Criminal Appeals of Oklahoma.

July 31, 1963.

Frank L. Jackson, pro se.

Charles Nesbitt, Atty. Gen., for respondents.

NIX, Judge.

This is an original proceeding filed by the petitioner, Frank L. Jackson, for a Writ of Mandamus directed against the City Court of Muskogee, asking that said court be directed to dismiss case #30211 pending against him.

No response has been filed by the Muskogee City or County Attorney's office, nor by the Attorney General, even though they were ordered by this Court to show cause by June 26, 1963 why the writ should not be awarded as prayed.

However, we will have to deny this petition at this time, on the grounds.

that it is not properly before this Court. It was held in the case of Davidson v. Simms, Okl.Cr., 356 P.2d 779, that:

"Where a person is incarcerated in a prison in this State serving out a term of conviction, and has other charges pending before an examining magistrate or in the district court, the State or the defendant may apply to the district court of the county where charges pending, for a writ of habeas corpus ad prosequendum seeking a speedy trial or in the alternative that the charges be dismissed. U.S.C.A. Const. Amend. 6; Okl.Const.1951 Art. 2, § 20; 22 O.S. §§ 13, 151, 152."

■ The petitioner will have to first file his petition for Writ of Habeas Corpus-Ad Prosequendum in the District Court of Muskogee County seeking relief as stated above. If this fails, he can then bring his petition to the Court of Criminal Appeals. As was held in the case of Surratt v. State, Okl.Cr., 365 P.2d 751:

"Either the accused or state may proceed in the district court of county where charges were filed by way of habeas corpus ad prosequendum, making magistrate and person having custody of accused person parties defendant, and should such efforts fail, original proceedings may be filed in Court of Criminal Appeals."

■ For the reasons set forth above, that the petitioner has a remedy in the lower court, the petition for Writ of Mandamus is accordingly denied.

BUSSEY, P. J., and JOHNSON, J., concur.