**Orville Lee DAVIS, Petitioner,**

v.

**COUNTY ATTORNEY, TULSA COUNTY, Oklahoma, and Ray H. Page, Warden, Oklahoma State Penitentiary, Respondents.**

**No. A–13535.**

Court of Criminal Appeals of Oklahoma.

July 15, 1964.

Orville Lee Davis, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., David Hall, County Atty. and Ted Flanagan, Asst. County Atty., Tulsa County, for respondents.

JOHNSON, Presiding Judge:

It appears from the records that the petitioner, Orville Lee Davis, was on November 28, 1962 sentenced to the State Penitentiary from Muskogee County for the crime of robbery with firearms, to serve a term of five years, and that subsequent to this, a detainer or hold order was filed with the Warden of the State Penitentiary. This detainer, or hold order, was from Tulsa County, and arose out of a preliminary information, which was filed March 21, 1962. Said preliminary information was filed in the Court of Common Pleas of Tulsa County, and charged the petitioner and one Carl D. Drew with the crime of "robbery with firearms", and is listed as case No. 132544.

The County Attorney of Tulsa County has filed a response herein, and states that at no time since the filing of the preliminary information has the petitioner been within the jurisdiction of the Court of Common Pleas of Tulsa County, and, therefore, said court has been unable to hold a pre-

liminary examination for the petitioner, or to see if he chooses to waive such examination.

The petitioner states that several requests have been made by him to the county attorney of Tulsa County to expedite the preliminary hearing, and these requests have been ignored.

The petitioner also states that on January 14, 1964, he filed a petition for writ of habeas corpus ad prosequendum in the district court of Tulsa County; and, further, that on April 14, 1964 he filed a second petition for writ of habeas corpus ad prosequendum, and that neither of these petitions has been ruled on by the district court of Tulsa County. Therefore, he brings this original action for a writ of habeas corpus ad prosequendum in this court.

■ From a thorough investigation of all of the facts surrounding this case, it would seem that this is the only method by which this petitioner can obtain a preliminary hearing and an early trial. He has attempted to have a hearing in the district court of Tulsa County, and these attempts have been ignored. Therefore, we must consider this an original proceeding before this Court, and this Court has often held that either the accused or the State may proceed in the district court of the county where charges were filed by way of habeas corpus ad prosequendum, making the magistrate and the person having custody of the accused parties defendant, and should such efforts fail, original proceedings may be filed in the Court of Criminal Appeals. Jackson v. City of Muskogee, Okl.Cr., 384 P.2d 595; Herrick v. Raines, Okl.Cr., 365 P.2d 175.

■ This Court feels that the county attorney and the examining magistrate were acting in good faith, but in thinking that they did not have jurisdiction were acting under a mistaken view of the law. Therefore, in the interest of justice, we would be derelict in our duty if we did not entertain this petition, and order the accused to be delivered to the sheriff of Tulsa County and upon completion of said hearing and trial, be re-delivered to the Warden of the State Penitentiary for the completion of his present sentence.

■ We further feel that as stated by Judge Powell in Inverarity v. Zumwalt, 97 Okl.Cr. 294, 262 P.2d 725: "It is fundamental that every court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction."

■■ This accused is entitled to every opportunity at the earliest possible moment to clear himself, if innocent, which the law presumes, and places the burden of proof upon the prosecution. But if the accused is guilty from evidence in the hands of the prosecution, the State should at the earliest opportunity seek to so prove. Only on such a basis can respect for law and orderly procedure be expected and maintained. Inverarity v. Zumwalt, supra; Ex parte Cameron, 91 Okl.Cr. 317, 218 P.2d 654; Thacker v. Marshall, Okl.Cr., 331 P.2d 488.

The Court of Criminal Appeals stated in Thacker v. Marshall, supra:

"Where a convicted person is serving a sentence requiring a period of years of incarceration, and he has another case pending against him in the court of an examining magistrate of this State, the county attorney filing the charge is derelict in his duty to afford said incarcerated person a speedy trial where he proposes to await the termination of the incarceration before continuing the prosecution. To delay means the more likelihood of witnesses becoming deceased, or moving to unknown places, or if present their memories becoming less accurate, and by reason thereof justice less likely to prevail."

■ In view of these facts, this writ is granted and the county sheriff of Tulsa County is directed to pick up the petitioner from the State Penitentiary and deliver him to the examining magistrate, where the county attorney shall give him the oppor-

tunity to receive or waive a preliminary hearing on the charge in question. It being understood that the county attorney shall be given a reasonable time to arrange for this hearing. However, if the county attorney, within a reasonable time does not bring the petitioner before the examining magistrate in order that he might waive or receive a preliminary hearing, then the examining magistrate is directed to dismiss this pending cause of action, and the respondent Ray H. Page, Warden of the Oklahoma State Penitentiary, at McAlester, Oklahoma, will after such action, if taken, cancel the hold order placed by reason of said charge.

BUSSEY and NIX, JJ., concur.