## Application of CAMERON.

No. A-11933. June 3, 1953.

(258 P. 2d 208.)

Leslie Cameron, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, P. J. Under date of May 11, 1953, the petitioner, who is serving a life sentence in the State Penitentiary at McAlester, after conviction of a charge of murder, and pursuant to commitment from the district court of Washington county, filed herein his application for a writ of mandamus. Petitioner is not represented by an attorney, and in that he is incarcerated it is our policy to be liberal concerning procedure.

Attached to the petition filed were photostatic copies of letters from the Hon. James T. Shipman, district judge, in reply to letters from petitioner making inquiry as to any charges pending against him in Nowata county; also copies of letters to and from the county attorney and the court clerk. Judge Shipman's letter to petitioner dated February 2, 1949 reads:

"I am in receipt now of your letter of January 15th, which came while I was away from home.

"The Court Clerk here tells me that there are no charges in this court pending against you. I have a recollection that there were some charges in Nowata County held against you and that they were dismissed by the county attorney some time ago. If they have not been dismissed they, doubtless, should be."

Under date of December 19, 1950, Judge Shipman wrote petitioner:

"Re: Nowata County case No. 3956, Motion to Dismiss.

"In reply to your letter of November 21st relative to motion to dismiss in the above entitled case, this is to advise that I checked your case the other day at Nowata and find that it has not been dismissed.

"This matter will be brought up for consideration some time in January, 1951, at which time some action will be taken relative to motion to dismiss."

Under date of July 16, 1951, J. M. Springer, county attorney, wrote petitioner:

"I have given a great deal of thought to what I should do in the case pending here against you and I would not deny you one legal right you have, under any circumstances, but I positively can not and will not release the hold order against you, because the sentiment against you in this county is something awful, *and neither will I bring the case to trial.* (Italics supplied).

"You have your legal recommendation and if you pursue that and the court makes an order cancelling it, there can be no criticism on this office or myself."

The court clerk of Nowata county, Mr. E. J. Deater, in notation to letter from petitioner dated October 9, 1952, making inquiry about his motion to dismiss, wrote on the bottom of the letter:

"This motion was docketed in [undecipherable] case. No action has been taken on it. Write County Attorney."

Under date of February 3, 1953, petitioner wrote the present county attorney, Mrs. Arthur Meyer, concerning his motion and his constitutional right to a speedy trial, and inability prior thereto to get any action. No reply is indicated.

The petition in question was not supported by a brief, and the prior efforts at obtaining relief by way of habeas corpus in this court were not recited, or here remembered, so that on May 14, 1953, an alternative writ of Mandamus was issued, it being assumed from the correspondence above recited that the case or cases was or were pending in the district court of Nowata county.

Return to the writ has been made by the Hon. James T. Shipman, district judge, in which we are informed that the case against the petitioner is pending in the county court of Nowata county on preliminary information. So that it is apparent that it has been pending there for some charge against the petitioner arising prior to his incarceration in the penitentiary, and had to be, then, on a charge arising in 1939 or prior thereto.

At a hearing before this court on May 27, 1953, it developed that on May 17, 1950, in Ex parte Cameron, 91 Okla. Cr. 317, 218 P. 2d 654, this court denied defendant relief by way of habeas corpus. In that case, we find now from a review of the records, that evidence was presented showing that there was a charge pending against petitioner by way of preliminary information filed in the county court of Nowata county on a charge of armed robbery, but where no process had ever been served on the defendant, and that there was a second charge, the nature not shown, pending against him on preliminary information in the same court. In the case in question we said:

"Where petitioner, confined in penitentiary, complains of failure of County Attorney to press complaints in two cases filed with the County Judge of County Court, acting as an examination magistrate, Tit. 22 O.S.A. §§ 161-162, where warrant has never been served on petitioner, and where it is alleged that said charges are void (and though apparently barred by the statute of limitations, Tit. 22 O.S.A. § 152, under said allegations) and where it is alleged that such failure to prosecute and afford petitioner an opportunity of getting said charges

dismissed, prevents petitioner being considered to act as a trusty, under established rules of penitentiary where he is serving life sentence, are not grounds, if true, that would entitle defendant to writ of habeas corpus.

"If the charges complained of are barred by the statute of limitations and are void, to obtain dismissal, the petitioner must proceed by appropriate action in the court of the examining magistrate where the charges are filed."

It is at once apparent that the prisoner did follow the suggestion of this court and did proceed as best he could through the court clerk of Nowata county, who is clerk of both the county court and the district court, in an effort to get his case or cases set down for trial, or get the same dismissed. He has exhausted all means at his disposal. The letters above quoted are self-explanatory. It is our conclusion that the action of the prosecuting officials in the past has been arbitrary and contrary to the spirit and letter of the statutory and constitutional provisions of this state, Art. II, § 20, Okla. Const.; Tit. 22 O.S. 1951 § 812, in that defendant has been deprived of a speedy trial, when on the face of the record there was nothing to have prevented the county attorney from scheduling the preliminary or preliminaries in the court of an examining magistrate, or obtaining a waiver, and thereafter having the case or cases placed on the trial docket for the next ensuing term and trying the same. But the county attorney by his own words stated that he would do nothing. This was arbitrary and in violation of the accused's constitutional rights. Art. II, § 20, of the Constitution, in part reads:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: * * *."

Tit. 22 O.S. 1951 § 812, reads:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

This court possesses the inherent right to remedy or prevent the continuance of a plan of procedure announced by the county attorney in the letter heretofore quoted, when he must have known that to wait on pressing the charges, and to deprive the accused of his constitutional right to a prompt trial would entitle the accused to a dismissal. If there was evidence to support the charges, then a disservice has been done to the state, but, on the other hand, if there was no evidence, then a disservice has been done to a citizen. It matters not that such accused has been convicted on other charges and has been assessed a life sentence. Such fact cannot deprive him of his constitutional rights. The only effect of the action of the county attorney was to bar the petitioner from being considered for a "trusty" at the prison; or for a parole in due time. This must have been the objective. No further hearing is required from the county judge of Nowata county, sitting as an examining magistrate in cases pending against the petitioner, Leslie Cameron, on charges arising prior to his incarceration in the State Penitentiary at McAlester in January, 1939; no further hearing is required of the county attorney who too is an officer of this court.

It is therefore adjudged and ordered that the county judge of Nowata county on receipt of a copy of this order from the clerk of this court, enter an order dismissing any charges that may be pending against Leslie Cameron, No. 39075, for preliminary hearing, based on a charge arising prior to January, 1939, and if it should be that the county attorney of Nowata county has such charges pending in the court of some other examining magistrate, than that of the county judge, that he take steps immediately to have the same dismissed, and if there

is delay, the warden of the State Penitentiary is authorized to treat a copy of this order received by him from the clerk of this court as evidence of the dismissal of such preliminary charges and the cancellation of any "hold orders" based on such charges.

JONES and BRETT, JJ., concur.