Bobby Allan THACKER, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–12428.

Criminal Court of Appeals of Oklahoma.

May 29, 1957.

A. W. Mauldin, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Bobby Allan Thacker, defendant below, was charged by information in the District Court of Stephens County, Oklahoma, with the crime of second degree burglary in the theft of approximately $40 in money and a .22 cal. automatic rifle, said crime allegedly committed in said county and state on or about April 22, 1956. He was tried by a jury, convicted, and his punishment fixed at two years in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

Briefly, the facts involved herein are to the effect that the defendant entered the home of one Rev. H. P. Hines, at night time, while said house was uninhabited,

Rev. Hines being away attending church. The entry into the home was forcible and unlawfully made for the purpose of committing burglary therein, as was established by a confession signed by the defendant and other proof corroborating the same. Before leaving the premises, however, the defendant set fire to a bed in one of the bedrooms and left the premises in flames. The said house burned to the ground together with a truck that was parked in front thereof. The defendant was tried and convicted of arson on this statement of facts as reported in Thacker v. State, Okl.Cr., 309 P.2d 306.

The only issue of consequence urged on appeal herein is that this conviction placed the defendant in double jeopardy. This position cannot be maintained in light of the holding in Collins v. State, 70 Okl.Cr. 340, 106 P.2d 273, 274, wherein, in syllabi 2 and 3, the rule was laid down as follows:

> "A putting in jeopardy for one offense is no bar to a prosecution for a separate and distinct act merely because the two offenses are so closely connected that it is impossible to separate the evidence relating to them on the trial for the one of them first had.

> "Under the constitutional guaranty not to be twice put in jeopardy, the decisive test on a plea of former jeopardy is whether the same testimony will support both charges. Otherwise stated, the offenses are the same whenever evidence adequate to one information will equally sustain the other."

In quoting from 16 C.J. 263, § 443; 22 C.J.S. Criminal Law § 278, it was said:

> "The prohibition of the common law and of the Constitution is against a second jeopardy for the same 'offense', that is, for the identical act and crime; or, as expressed in a number of cases, to entitle a defendant to plead successfully former jeopardy, the offenses charged in the two prosecutions must be the same in law and in fact. The plea will be vicious if the offenses charged in the two indictments are perfectly distinct in point of law, however nearly they may be connected in point of fact. It is not necessarily decisive that the two offenses may have some material fact or element in common, or that they are similar, where they are not in fact the same. The test is not whether defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. The term 'same offense,' however, does not signify the same offense eo nomine, but the same criminal act, transaction or omission."

In quoting from State v. Ragan, 123 Kan. 399, 256 P. 169, the Court further said:

> "'In criminal cases the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is identity of offenses, and it is not necessarily decisive that the two offenses may have some material fact in common.'

> *   *   *   *   *   *

> "Early in our history, the United States Supreme Court in the case of United States v. Randenbush, 8 Pet. 288, 8 L.Ed. 948, held that unless the first indictment was such as the prisoner might have been convicted upon proof of the facts contained in the second indictment, an acquittal on the first indictment can be no bar to the second."

It is obvious that the two offenses herein charged are separate and distinct and the fact that they may have arisen out of the same transaction is not the decisive issue. The same facts are not essential to the proof of the crime of arson and the crime of burglary as charged in the separate offenses arising out of the same transaction herein involved.

Judgment and sentence is affirmed.

POWELL and NIX, JJ., concur.