Bobby Allen **THACKER**, Petitioner,

v.

J. W. **MARSHALL**, County Judge of Stephens County Oklahoma, Committing Magistrate, Respondent.

No. A–12657.

*Criminal Court of Appeals of Oklahoma.*
Oct. 22, 1958.

M. M. Baucum, A. W. Mauldin, Duncan, for petitioner.

Clinton D. Dennis, County Atty., Stephens County, Duncan, for respondent.

PER CURIAM.

Bobby Allen Thacker, an inmate of the State Reformatory at Granite seeks a writ of mandamus from this court directed to J. W. Marshall, county judge of Stephens county, acting as a committing magistrate, to dismiss a preliminary information filed in his court charging petitioner with grand larceny and to advise the warden of the State Reformatory at Granite, where a hold order has been placed by the Stephens County attorney, that such charge has been dismissed.

As grounds for the writ it is set out that the charge here involved arose out of the same transaction wherein he was convicted in the district court of Stephens county in case No. 3139, of arson, and in case No. 3140 of burglary, second degree, and sentenced to a combined total of five years in the penitentiary. The convictions in question were affirmed by this court in Thacker v. State, Okl.Cr., 309 P.2d 306, and Thacker v. State, Okl.Cr., 312 P.2d 167.

It is further alleged that on December 20, 1957, after petitioner had been confined in the penitentiary, as aforesaid, and more than a year and a half after the crime was allegedly committed, the present charge was filed by way of preliminary information in the court of J. W. Marshall, county judge, acting as an examining magistrate, as stated; that a warrant was issued but not served, as petitioner was an inmate of the penitentiary. That counsel advised the county attorney that petitioner was willing to waive a preliminary hearing, or was ready for preliminary hearing at any time, but that the county attorney refused to assist in getting petitioner returned for a preliminary hearing, his position being that the case against petitioner would be prosecuted when accused had completed serving his two sentences totalling five years. Parenthetically, it may be stated that in the application here some matters concerning the prosecution and possible grounds of defense were related. If the case ever comes to trial then would be the time to raise such points. They cannot be noticed here. This is not the proper time for presentation.

The examining magistrate, county judge Marshall, was then requested to either set a date for a preliminary hearing, or permit defendant to waive the same. The county judge took the position that defendant being a minor, he must be personally present to waive a preliminary hearing, and in that the warrant of arrest had never been served, that until such time or a time when defendant was present that he had no jurisdiction or grounds to comply with the request of counsel.

After the above transpired, counsel filed an application in the district court of Stephens County for a writ of habeas corpus ad prosequendum directing the warden of the State Reformatory at Granite to either deliver the petitioner to the sheriff of Stephens county for the purpose of having a preliminary hearing on the charge in case No. 1701, grand larceny charge, or to show cause why he could not so deliver petitioner; that the district judge of Stephens county then set the application down for hearing, causing notice to be served on the county attorney and sheriff of Stephens county, which we consider a correct procedure. The county attorney demurred to the petition and the same was sustained, and the district court refused to issue the writ of habeas corpus ad prosequendum, so that counsel was unable to have petitioner herein brought back from the penitentiary for a preliminary hearing.

█ Although in many states the next move would have been for petitioner to have appealed to a higher court from the ruling of the district court, in Oklahoma no such appeal lies.[1] However, petitioner could have thereafter filed his application in this court for a writ of habeas corpus ad prosequendum. There is ample precedent for such action. See State ex rel. Short v. White, 1928, 39 Okl.Cr. 242, 264 P. 647,

1. 20 O.S.1951 § 41; art. 7, §§ 2 and 10, Okl.Const.

where the county attorney of Oklahoma County with aid of the Attorney General sought to and did obtain custody of one Neff from the U. S. Marshall for the Western District of Oklahoma, who held Neff after he had plead guilty to a Federal charge, been sentenced, and was on the verge of being sent out of the State to serve the sentence imposed. See also Neff v. State, 39 Okl.Cr. 133, 264 P. 649; and also 22 O.S. 1951 § 1151, with reference to witnesses who may be incarcerated.[2]

 So it is apparent that the district court of Stephens county was in error in failing to issue the writ of habeas corpus ad prosequendum, whether the county attorney applied for it or the defendant applied for it, or in lieu thereof to have ordered the dismissal of the charges involved.

 There were two important factors that the district court would have taken into consideration. If the county attorney, while he might have had sufficient evidence to show that the crime in question had actually been committed and to show probable cause to believe that the accused committed it, still such might not be sufficient for conviction, and under such circumstances the county attorney might dismiss, and thereafter if additional evidence was discovered prior or to the running of the statute of limitations (22 O.S.1951 §§ 151, 152, 153) he might refile [3], where in good faith, but he would have the duty by appropriate procedure to obtain the accused from the warden of the penitentiary for the purpose of preliminary hearing, unless waived, and of trial. But in the instant case the position of the county attorney being simply that he was not required to proceed with the prosecution until petitioner herein had served out the two sentences totalling five years, the district court, as stated, should have granted the writ, or in lieu thereof, that the preliminary complaint be dismissed.[4]

2. 22 O.S.1951 § 1151: "The Supreme Court, and Criminal Court of Appeals and district and superior courts within this State, or the judges thereof in vacation, shall have power to issue writs of habeas corpus, for the purpose of bringing the body of any person confined in any prison before them, to testify or be surrendered in discharge of bail. *When a writ of habeas corpus shall be issued for the purpose of bringing into court any person to testify, or the principal,* to be surrendered in discharge of bail, and such principal *or witness,* shall be confined in any prison in this State, out of the county in which such principal or witness is required to be surrendered, or to any county in this State, and there be executed and returned by any officer to whom it shall be directed, and the principal, after being surrendered, or his bail discharged, or a person testifying as aforesaid, shall by the officer executing such writ, be returned by virtue of an order of the court, for the purpose aforesaid, an attested copy of which, lodged with the custodian, shall exonerate such prison keeper from being liable for an escape. The party praying out such writ of habeas corpus shall pay to the officer executing the same, such reasonable sum for his services as shall be adjudged by the courts respectively."

3. See par. 6 of syllabus by the court in Davidson v. State, 82 Okl.Cr. 402, 171 P.2d 640.

4. It is apparent that the position of the county attorney could not be adjudged as on the face in bad faith, as we have no statutory provision covering the question of whether or not the county attorney may wait to prosecute a case against an accused serving a term in the State penitentiary until the term is served. But it has been said in a number of cases from this court, and we quote paragraph 6 of the syllabus in Davenport v. State, 20 Okl.Cr. 253, 202 P. 18, that:

"By the term 'the prosecution,' as used in a criminal case, is meant the continuous following up, through instrumentalities created by law, of a person accused of a public offense with a steady and fixed purpose of reaching a judicial determination of the guilt or innocence of the accused. It should not be confounded with the written accusation, nor is the term synonymous with criminal action. It consists of all the successive steps, having relation to each other, taken against the accused by the officer or officers charged with the enforcement of the criminal law. It contemplates proceeding judicially and involves all written accusations, including complaints, presentments, indictments, and informations suc-

■ The court in such a case would also have determined whether the statute of limitations had barred the prosecution as was apparent in the Cameron case (Re Application of Cameron, 97 Okl.Cr. 81, 258 P.2d 208). For although a preliminary complaint may be filed within three years after the crime charged (with exceptions noted in statute, 22 O.S.1951 §§ 151, 152, 153) was allegedly committed, the prosecution must have been commenced in good faith (which was absent in the Cameron case, as the county attorney announced that he never intended to call the case up and prosecute). See Jarrett v. State, 49 Okl. Cr. 162, 292 P. 888, 889, where this court said:

"A prosecution within the meaning of sections 2441 and 2442 Comp.St.1921 [22 O.S.1951 §§ 151, 152] is 'commenced' at the time the preliminary complaint or information is filed with the magistrate *in good faith* and a warrant issued thereon. It is not essential that the warrant shall be served in order that the prosecution be commenced." (Emphasis not supplied.)

To the same effect see Hicks v. State, 54 Okl.Cr. 431, 23 P.2d 219.

As stated, petitioner did not after the action of the district court of Stephens County, make application to this court for the writ of habeas corpus ad prosequendum, to which he was apparently entitled, but abandoned the idea, and returned to the court of the examining magistrate and counsel again requested that the examining magistrate either set a date for a preliminary hearing or that petitioner in absentia be permitted to waive the same or that the proceedings be dismissed.

The examining magistrate was still of the opinion that he had no authority, under the facts, to dismiss the proceedings.

■ And now follows the already mentioned proceedings in this court to, by writ

of mandamus, require the dismissal of the prosecution in question in the court of the named examining magistrate in Stephens County. This court has jurisdiction to consider the application for writ of mandamus in such effort as has been determined in the case of Hurst v. Pitman, 1950, 90 Okl. Cr. 329, 213 P.2d 877, 882, which should be carefully read.

In the Hurst case, the petitioner for writ of mandamus was in Leavenworth Penitentiary, at Leavenworth, Kansas and outside the jurisdiction of the Oklahoma courts. The county attorney of Pottawatomie County, Oklahoma, on learning of the whereabouts of Hurst, had filed three charges of burglary against him in the district court of Pottawatomie County, and placed a "hold" or "detainer" against petitioner so that he could be returned to Pottawatomie County for trial at the conclusion of his federal sentence. Thereafter, Hurst sought from this court a writ of mandamus to compel the examining magistrate to dismiss complaints filed against petitioner for failure to give petitioner a speedy hearing.

While this court held that it had jurisdiction to issue the writ, it would not do so where warrants of arrest had not been served on petitioner, and where he had never been brought within the jurisdiction of the justice of the peace court.

In the body of the opinion, Jones, J., for this court said:

"Although we have jurisdiction to issue the writ of mandamus to respondent, the facts in the instant case do not justify the issuance of the writ.

"The petitioner has never been in the jurisdiction of said Justice of the Peace Court. *Warrants of arrest have been issued for Hurst, but have not been served for the reason that he is outside of the state of Oklahoma serving a sentence of imprisonment* .

cessively and continuously lodged against the accused. It may comprehend one or more related actions, provided the offense in each instance is identical and

the actions are continuous and are brought and maintained pursuant to lawful authority."

in a federal penitentiary · in another state. *The Justice of the Peace is not authorized nor required to set a date for the preliminary examination of one accused of crime until after the accused has been arrested and brought before the committing magistrate for arraignment upon the complaint filed against him.*

"The petitioner evidently rests his case upon the Oklahoma Constitutional provisions which state that 'right and justice shall be administered without sale, denial, delay, or prejudice', Article 2, Section 6, and further 'in all criminal prosecutions the accused shall have the right to a speedy and public˄ trial by an impartial jury of the county in which the crime shall have been committed.' Article 2, Section 20.

"Petitioner cannot be tried upon the question of his guilt or innocence of the felony charges filed against him until after he has had or waived a preliminary examination, and been ordered held to await trial in the District Court. It is not possible to give him a preliminary examination until after he has been arrested and brought before the committing magistrate. When one accused of a felony is brought before a committing magistrate upon a warrant of arrest, he may do one of two things: He may demand a preliminary examination, or he may waive it.

"We can see where the placing of a detainer against the petitioner might result in depriving him of certain privileges in the penitentiary, and might even as stated by the petitioner, result in the refusal of the federal authorities to consider him for a parole. However, these are matters under the control and regulation of the federal authorities and * * * beyond our control. Our only concern is whether the respondent Justice of the Peace Court has proceeded in a manner required by law. It is apparent that he has, and for that reason the writ of mandamus is denied." (Emphasis now supplied.)

Following the above case, came the case of Ex parte Cameron, 1950, 91 Okl.Cr. 317, 218 P.2d 654, 655. The petitioner represented himself. He styled his petition as one for writ of habeas corpus, but actually he sought dismissal of charges pending before a justice of the peace on preliminary information, where he had never been arrested on the charge or been before the examining magistrate, and his incarceration was not by reason of such charges. This court said in the body of the opinion:

"The Attorney General has filed a response to the petition for the writ of habeas corpus in the nature of a demurrer. We conclude that it is well taken in that the scope of inquiry of this court is limited to a person restrained of his liberty. Tit. 12 O.S.A. § 1331. The matters now alleged were not involved and have no connection with the charge under which petitioner is being held, and a discharge is not sought. The petition is in the nature of a petition for writ of mandamus, but under the facts recited is wholly insufficient, and cannot be considered by this court. If the charges complained of are barred by the statute of limitations, Tit. 22 O.S.A. § 152, and are void, to obtain dismissal, the petitioner must proceed by appropriate action in the court of the examining magistrate where the charges are filed."

Following the above the said Cameron, still acting as his own attorney, filed his application in this court for a writ of mandamus (See Application of Cameron, 97 Okl.Cr. 81, 258 P.2d 208) to compel his arraignment and trial on such cases as might be pending against him in the district or county courts of Nowata county, or before the county judge of Nowata county acting as an examining magistrate. Petitioner had been incarcerated in the penitentiary for around 14 years and had sought information from the officials of Nowata

county prior to Ex parte Cameron, supra, and since that case, acting as his own attorney, concerning any cases pending against him in any court of that county and that formed the basis of a "hold order" placed by the county attorney with the warden of the State penitentiary, as mentioned in Ex parte Cameron, supra. He was unable to obtain any action, as detailed in Application of Cameron, supra. And a letter from the county attorney conclusively demonstrated that the complaints were not filed in good faith, and that actual prosecution was never contemplated, but that the charges had been filed for the purpose of preventing petitioner from being considered to act as a trusty or in time being considered for parole. Under such circumstances, although the date of the alleged crime of armed robbery was not shown, as the officers would not furnish petitioner with copies of the complaint or complaints, it was apparent that the charge or charges had become barred by the three year statute of limitations (22 O.S.1951 §§ 151, 152, 153) by reason of the letter of the county attorney which in effect constituted an admission that the charges were not filed in good faith. A careful reading of the two Cameron cases will reveal this. In Jarrett v. State, supra, [49 Okl.Cr. 162, 292 P. 890] and other cases, this court has said that in order to toll the running of the statute of limitations the charges must be filed with a magistrate in good faith and a warrant issued within the period allowed. And it has further been said that prosecution means not simply the filing of the preliminary complaint, but "the continuous following up, through instrumentalities created by law, of a person accused of a public offense with a steady and fixed purpose of reaching a judicial determination of the guilt or innocence of the accused."

In the body of the opinion we said, after quoting from our opinion in Ex parte Cameron, supra [97 Okl.Cr. 81, 258 P.2d 210]:

"It is at once apparent that the prisoner did follow the suggestion of this court and did proceed as best he could through the court clerk of Nowata County, who is clerk of both the county court and the district court, in an effort to get his case or cases set down for trial, or get the same dismissed. He has exhausted all means at his disposal. The letters above quoted are self-explanatory. It is our conclusion that the action of the prosecuting officials in the past has been arbitrary and contrary to the spirit and letter of the statutory and constitutional provisions of this State, Art. II, § 20, Okl. Const.; Tit. 22 O.S.1951 § 812, in that defendant has been deprived of a speedy trial, when on the face of the record there was nothing to have prevented the county attorney from scheduling the preliminary or preliminaries in the court of an examining magistrate, or obtaining a waiver, and thereafter having the case or cases placed on the trial docket for the next ensuing term and trying the same. But the county attorney by his own words stated that he would do nothing. This was arbitrary and in violation of the accused's constitutional rights."

Next came the case of Inverarity v. Zumwalt, 97 Okl.Cr. 294, 262 P.2d 725, 729. There we said, referring to Application of Cameron:

"* * * we did issue an order directing the dismissal of certain charges pending before the county judge, acting as an examining magistrate, because of the special reasons stated in the opinion. An unusual situation was presented. The county attorney advised the applicant in writing that he never intended to prosecute, and never intended to dismiss the action. *Therefore, it would appear that such prosecution was not in good faith. This of course at least violated the spirit of the constitutional and statutory provisions quoted* and in effect challenged this court in its duties as a court of justice. For all the record showed, the charge may have been barred at

the time of the filing or else at the time of the letter the State might have been without evidence to prove the charge. The excuse given for the attitude was the alleged sentiment against the appellant in the minds of the public. We rejected the argument that this court had no jurisdiction because there was no case yet pending that would justify the writ sought for and that this court did not have jurisdiction.

"*Ordinarily Art. II, § 20 of the Constitution of Oklahoma and the provisions of the statute, Tit. 22 O.S.1951 §§ 811 and 812, guaranteeing to persons accused of crime the right to a speedy trial, and held to entitle a person to a dismissal once the case is pending in the trial court and is continued from time to time over the objections of the defendant,* McLeod v. Graham, 6 Okl.Cr. 197, 118 P. 160; State ex rel. Sims v. Caruthers, 1 Okl.Cr. 428, 98 P. 474; Davidson v. State, 82 Okl. Cr. 402, 171 P.2d 640, *does not apply to preliminary hearings, but such provisions* * * * *as in the Cameron case,* might be treated as authority for the issuance of a writ of mandamus by reason of the principal enunciated in Hurst v. Pitman, supra, [90 Okl.Cr. 329, 213 P.2d 877, 878] and heretofore quoted.

1. See State ex rel. Andrews v. Superior Court of Maricopa County, 39 Ariz. 242, 5 P.2d 192, where a different conclusion was reached." (Emphasis now supplied.)

In the within case, as we have seen, the petitioner does not seek a writ of habeas corpus ad prosequendum from this court. He apparently abandoned his desire for trial after the district court of Stephens County refused to issue such writ, and the further demand on the examining magistrate for hearing could avail him nothing as the examining magistrate had never obtained jurisdiction of the person. Here petitioner at this time simply seeks an order of dismissal of the proceedings. But

he has not exhausted his efforts to obtain a preliminary hearing, or to waive one. As indicated, the facts alleged in petition filed in the district court of Stephens County stated a cause for the writ. True no appeal to this court is provided from an adverse ruling where writ of habeas corpus ad prosequendum has been sought in a lower court. However, there is nothing to prevent an incarcerated person from thereafter filing an original action in this court.

While in this case we do not find that the county attorney has stated that he never intends to prosecute the charges in question, which is a distinguishing feature from the Cameron case, nor does it appear that the actions might be barred by the statute of limitations, the county attorney has been shown to be of the opinion that he can wait to continue the prosecution until Thacker has served his present sentence. To follow such a course, if defendant has a good defense, would jeopardize defendant's rights and as said in Cameron, reiterated in Invararity, "*He* [accused] *is entitled to every opportunity at the earliest possible moment to clear himself, if innocent, which the law assumes, and places the burden of proof upon the prosecution. But if the accused is guilty from evidence in the hands of the prosecution, the State should at the earliest opportunity seek to so prove. Only on such basis can respect for law and orderly procedure be expected and maintained.*" (Emphasis now supplied.)

The longer a case pends the more likelihood of witnesses becoming deceased, or moving to places unknown, or if present their memories becoming less accurate, and by reason thereof justice less likely to prevail.

While we do not find this such an extreme case as in Cameron that would without more entitle petitioner to an order requiring the examining magistrate to dismiss the preliminary complaint in question, petitioner is entitled to have his case proceed. We feel sure that in view of this opinion the district judge would on application of the county attorney for a writ of

habeas corpus ad prosequendum (see State ex rel. Short v. White, supra) issue the same. The county attorney should have a reasonable time to file such petition.

Hon. J. W. Marshall, County Judge of Stephens County, acting as an examining magistrate in case styled Bobby Allen Thacker, defendant, No. 1701, is directed to continue the proceedings until after the within opinion becomes final, which is fifteen days from date of opinion, or until fifteen days after any petition for rehearing is acted upon, for sufficient time to give the county attorney opportunity to have petitioner present to enter his plea, and to receive or waive a preliminary hearing on the charge in question. Should the county attorney within the time stated fail to take steps to have the petitioner present, then respondent J. W. Marshall is directed to dismiss the above pending charge, and respondent Joe Harp, Warden of the State Reformatory at Granite, Oklahoma will after such action, if taken, cancel the "hold" order placed by reason of the said charge.