Amos J. JENNINGS, William Van Jennings, Petitioners,

v.

R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A–12886.

Court of Criminal Appeals of Oklahoma.

June 15, 1960.

Amos J. Jennings, William Van Jennings, McAlister, pro se.

Mac Q. Williamson, Atty. Gen., Warren Crane, County Atty., Commanche County, David J. Aubrey, Asst. County Atty., Commanche County, Lawton, for respondent.

BRETT, Judge.

This is an original proceeding brought by Amos J. Jennings and William Van Jennings against warden R. R. Raines, of the State penitentiary, in which action they seek relief in the nature of habeas corpus and mandamus. The petitioners are inmates of the state penitentiary under conviction, judgment and sentence of 10 and 7 years respectively, for the crime of armed robbery allegedly committed on January 18, 1958, by which they obtained $300 cash, and said judgments having been entered on March 12 and 13, 1958, respectively. The petitioners were delivered to the penitentiary on said convictions March 14 and 17, 1958, respectively.

Prior to the pronouncement of said judgments and sentences and while incarcerated in the county jail the petitioners escaped on March 2, 1958, and a complaint covering said charge of escape was filed on May 1, 1950, before Justice of the Peace, Marvin Cameron, Lawton City District No. 2, Commanche County, Oklahoma, and warrants were issued on last said named date but not served and hold orders were placed against said defendants with the penitentiary authorities.

The basis for the habeas corpus request is that the privileges which would enure to them as prisoners are being denied them because of the hold order, and that said prosecution for escape should be dismissed for failure to grant a speedy trial, and an order of mandamus should be entered requiring the Justice of the Peace to so do, and for such other rights as the Court would think just. To the petitioner's request the state made response by demurrer to the request for relief by habeas corpus and mandamus, but requested the writ of ad prosequendum to bring the petitioners from the penitentiary for trial on the escape charge.

Relief by habeas corpus will not lie in one case against acts done or the failure to act in another case where the petitioners are being held in the penitentiary under valid judgments and sentences

whose terms have not expired, both of which were entered by the trial court with jurisdiction of the person, of the subject matter, and under authority of the law to enter the same. Petition of Boyd, Okl.Cr., 302 P.2d 494; Application of Selby, Okl. Cr., 300 P.2d 770.

 The petitioners do not question the validity of the judgments and sentences under which they are being held, and hence, habeas corpus is not available to them thereon. The question of whether the petitioners are entitled to an order of mandamus directed to the Justice of the Peace to dismiss the complaint against petitioners for failure to grant a speedy trial on complaints pending before the Justice of the Peace where warrants have been issued but not served must be determined on the question as to whether the complaints are filed in good faith, or for the purpose of vexation to prevent the petitioners from enjoying certain rights and privileges enjoyed by those who have no hold orders pending against them. There is nothing before us in the way of proof to indicate that the petitioners were substantially damaged by the delay herein, or that the County Attorney is not acting in good faith, nor does it appear that there is any desire on the part of the County Attorney to deny them a speedy hearing on the complaint pending in the Justice of the Peace Court, such as existed in the Application of Cameron, 97 Okl.Cr. 81, 258 P.2d 208, in which the County Attorney, evidencing bad faith and vexatious motives, stated that he never intended to bring the case to trial, hence, relief was granted. Until this petition was filed there is no evidence that the petitioner desired a speedy hearing.

We find no such bad faith in the institution and maintenance of the prosecution for escape in the within case as existed in the Cameron case, supra. To the contrary, the County Attorney herein asserts that he has no desire to delay the prosecution and affirmatively requests a writ ad prosequendum directing the warden to deliver the petitioners to Commanche County for preliminary examination on the Justice of the Peace complaint, and such other proceedings as the law may require, in keeping with the expressed desire of the petitioners for speedy relief. This relief was available to the defendants by writ ad prosequendum, or by mandamus, as well as to the state under the authority of Thacker v. Marshall, Okl.Cr., 331 P.2d 488, 489:

"Where incarcerated person serving a sentence has another case pending in court of examining magistrate, county attorney filing charge is derelict in his duty if he does not afford incarcerated person a speedy trial where he proposes to await the termination of incarceration before continuing the prosecution since to delay means the more likelihood of witnesses becoming deceased or moving to unknown places, or if present that their memories would become less accurate and by reason thereof justice less likely to prevail, and in such case proper procedure is to proceed in district court of county where charge is filed by way of habeas corpus ad prosequendum, making magistrate and person having custody of accused parties defendant, and should such efforts fail original proceeding may then be filed in Criminal Court of Appeals. 20 O.S.1951 § 41; 22 O.S.1951 §§ 151–153; O.S.1951 Const. Art. 7, §§ 2, 10.

"While statutes implementing constitutional provision guaranteeing the right to speedy trial, and entitling a person to dismissal once case is pending in trial court and is continued from time to time over objections of defendant, did not specifically apply to preliminary hearings, constitutional provision is broad enough to afford relief by issuance of mandamus to examining magistrate where crime charged in preliminary information was barred by statute of limitations or there was conclusive evidence that it was not filed in good faith and accused is not afforded a speedy trial. 22 O.S.1951 §§ 811, 812; O.S.1951 Const. Art. 2, § 20."

It is not the purpose of this court to thwart the ends of justice, nor to void the valid purposes of the law by sheer technicalities, but to see that justice is done by both the petitioners and the state. We are of the opinion that substantial justice will be done herein by granting the county attorney's petition for a writ of habeas corpus ad prosequendum. It is accordingly ordered that the petitioners, Amos J. Jennings and William Van Jennings, be delivered to the sheriff of Commanche County, Oklahoma, by the warden of the penitentiary for arraignment on preliminary complaint No. 12870 against petitioners pending in the Justice of the Peace Court, District No. 2, of Lawton City District, Commanche County, Oklahoma, and for such other proceedings as required by law, upon the termination of which the petitioners are to be returned to the penitentiary to complete the serving of the sentences they are now engaged in completing.

POWELL, P. J., and NIX, J., concur.