Application of Jerry MISEK for Writ
of Mandamus,

v.

John LUTON, County Attorney, and Archibald Bonds, Municipal Judge.

No. A–12918.

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1960.

Landrith & McGee, W. Timothy Dowd, Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., for respondent.

BRETT, Judge.

This is an original application brought by Jerry Misek for Writ of · Mandamus against John Luton, County Attorney and Archibald Bonds, Judge of the Municipal Court of Muskogee County, Oklahoma, for an order directing them to dismiss preliminary · complaints filed in said municipal court on three separate charges, two for false pretense and one for uttering a forged instrument, filed in said court on June 27, 1957, December 2, 1957, and December 5, 1957, respectively. Said dismissals are urged for failure to grant a speedy trial. The petitioner asserts that he made demand for trial to Joe Cannon, then the County Attorney of Muskogee County, Oklahoma, in a letter addressed to the County Attorney of Muskogee County, Oklahoma, dated April 23, 1958, labeled petition for Writ Ad Prosequendum. That the demand was ignored by both Joe Cannon and his successor, John Luton. ·

Petitioner further says that on ·May 2, 1960, the petitioner filed an application for writ of mandamus in the District Court of Muskogee County, Oklahoma, not unlike the one filed herein, seeking dismissal of the three cases pending before Judge Bonds and attached to which was the letter to the County Attorney for Writ Ad Prosequendum. The trial judge, C. F. Bliss, treated the matter as an application for Writ Ad Prosequendum, denying the application for Writ of Mandamus, directing Judge Bonds to dismiss the complaints; but ordered Judge Bonds to arraign the petitioner and set the matter for hearing on the complaints, and same was set for June 14, 1960, which the applicant seeks to have enjoined pending hearing hereon.

■ We are of the opinion that predicated on the foregoing premises, the application herein fails to state facts entitling the applicant to the relief prayed for. He does not establish bad faith on the part of the County Attorney in the matter, since the warrants in all of said cases had never been served on the applicant, he being an inmate of the penitentiary. Thus, the Municipal Court never acquired jurisdiction of his person necessary to a setting of the matters. Moreover, the applicant never entered his appearance to said complaints or waived said preliminary hearings, hence, neither · the Municipal Court nor the District Court had any jurisdiction to act in

said case until the applicant filed request in the District Court. Inverarity v. Zumwalt, 97 Okl.Cr. 294, 262 P.2d 725. Thacker v. Marshall, Okl.Cr., 331 P.2d 488. As we said in Application of Martin F. Graham (Okl. Bar Journal), if Judge Bliss had granted the Writ of Mandamus he would have ordered the Municipal Court to act in the cases without the aid of jurisdiction to so do, which would have been clearly unlawful.

■ Judge Bliss acted properly when he treated the application, under the facts alleged, as an appeal for Writ Ad Prosequendum. Thacker v. Marshall, supra, and Jennings v. Raines, Okl.Cr., 353 P.2d 147, 148. Therein we said:

"Where a preliminary complaint is pending against a person in the Justice of the Peace Court in which case warrants have not been served, the Justice of the Peace Court is without jurisdiction to act in said cases and set same for hearing, but that does not mean that the accused is without relief, for he may proceed in the District Court of the county where charge is filed by way of habeas corpus ad prosequendum, making the magistrate and the person having custody of the accused parties defendant, and should such efforts fail, original proceedings may be filed in the Court of Criminal Appeals.

"Mandamus will lie to force a Justice of the Peace to grant speedy preliminary hearing or to dismiss the proceedings in a case where the same is not being maintained in good faith, but is kept pending only for purpose of vexation."

■ Here it appears that the applicant misunderstood his remedy. Filing his letter with the County Attorney, under the circumstances involved, placed no duty on the County Attorney to undertake to induce the Municipal Judge to do that which the law would not permit him to do for lack of jurisdiction of the person. Furthermore, the County Attorney is not required by law to advise the applicant how to proceed for relief. We can not find under these conditions the County Attorney or the Judge were acting in bad faith. They declined to urge that which the law did not require them to do. It does clearly appear that when the application was treated as one for Writ Ad Prosequendum and the magistrate ordered to conduct the preliminary hearings, the applicant then sought relief herein by injunction, and also by Writ to Dismiss the cases. It is obvious applicant did not really seek preliminary hearing, but only dismissal. Under the facts herein alleged the petitioner is not entitled to either the Writ of Mandamus or an order of dismissal, but having substantially complied with the procedure indicated in Thacker v. Marshall, and Jennings v. Raines, supra, Municipal Judge, Bonds, is directed to proceed to give the applicant preliminary hearings on the three charges pending against him in said Municipal Court. This petition is accordingly dismissed.

POWELL, P. J., and NIX, J., concur.