In re the Application of Martin F. GRAHAM for a Writ of Mandamus.

No. A–12922.

Court of Criminal Appeals of Oklahoma.

Oct. 12, 1960.

Martin F. Graham, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

BRETT, Judge.

This is an original petition in Mandamus brought by Martin F. Graham, an inmate of the State Penitentiary, serving a twelve year sentence on a felony conviction. In said petition he seeks a writ of mandamus against the District Court, Justice of the Peace, and county authorities of Dewey County, Oklahoma, for a speedy trial in another case pending therein on a charge of disposing of mortgaged property, which is pending on complaint in the Justice of Peace Court of Taloga, Oklahoma, in said county. He complains that because of the hold placed against him on July 6, 1959, by the County Attorney by reason of said charge, he is deprived of certain penitentiary privileges which would otherwise accrue to him. He prays that he be ordered a speedy trial or removal of the hold order against him at the penitentiary.

It is pertinent to state that nowhere in the petition is it alleged that the charge of disposing of mortgaged property is filed in bad faith or is being maintained for the purpose of vexation, such as existed in the case of Application of Cameron, 97 Okl.Cr. 81, 258 P.2d 208.

It has been repeatedly held that mandamus will not lie to require the Justice of the Peace to act where he does not have jurisdiction of the person of the accused. In Jennings v. Raines, Okl.Cr., 353 P.2d 147. Thacker v. Marshall, Okl. Cr., 331 P.2d 488; and in Inverarity v. Zumwalt, 97 Okl.Cr. 294, 262 P.2d 725, except as noted in Application of Cameron, supra. It is apparent the Justice of the Peace herein, nor the District Court, either, have acquired jurisdiction of this petitioner, and to mandamus the respondents herein

would require them to invoke jurisdiction which they do not as a matter of law have the right to exercise. So this petition is without merit on the premises set forth in the petition.

That does not mean the petitioner is without relief, for in Jennings v. Raines, supra, we detailed the relief in such cases as follows [353 P.2d 148]:

"Where a preliminary complaint is pending against a person in the Justice of the Peace Court in which case warrants have not been served, the Justice of the Peace Court is without jurisdiction to act in said cases and set same for hearing, but that does not mean that the accused is without relief for he may proceed in the District Court of the county where charge is filed by way of habeas corpus ad prosequendum, making the magistrate and the person having custody of the accused parties defendant, and should such efforts fail, original proceedings may be filed in the Court of Criminal Appeals."

It was our intention therein, to make relief available to persons who were enduring incarceration on a prior conviction and denied privileges in the penitentiary, such as in the case at bar, because of a hold placed against them, such as herein. If the accused desires to get the case disposed of he may obtain such action through the Writ of Ad Prosequendum, just as is available to the state. In this way he may obtain a preliminary hearing on the charge, or waive the same and thus obtain the speedy trial in the District Court which he alleges he desires. Thacker v. Marshall, supra. This relief must first be sought in the District Court and refused before resort may be had to the Court of Criminal Appeals.

It clearly appears that the petitioner is not entitled to relief by Writ of Mandamus under the facts herein, but if entitled to relief is probably entitled by Writ Ad Prosequendum. The petition is accordingly dismissed with suggestion that he renew his remedy as indicated in the District Court of Dewey County for Writ Ad Prosequendum.

POWELL, P. J., and NIX, J., concur.