John A. CANE, Petitioner,

v.

James W. Bill BERRY, County Attorney of Oklahoma County, Respondent.

No. A-12955.

Court of Criminal Appeals of Oklahoma.

Oct. 19, 1960.

John A. Cane, McAlester, pro se.

James W. Bill Berry, County Atty., Oklahoma County, and Ryland F. Keys, Asst. County Atty., Oklahoma County, Oklahoma City, for respondent.

POWELL, Presiding Judge.

John A. Cane, an inmate of the Oklahoma State Penitentiary, has filed in this Court a petition for writ of habeas corpus, and for cause states that he was received in the penitentiary on October 4, 1934 from Oklahoma County to serve a life sentence for murder. He states that he has maintained a good work record for over 25 years and that he qualified for consideration for a parole when, to prevent it, the county attorney of Oklahoma County placed a detainer against him, based on a charge of murder.

Petitioner alleges that the Oklahoma County Attorney has no intention of ever prosecuting him for murder, but placed the detainer for the sole purpose of harassing and hounding petitioner and preventing him from being considered for a parole. He alleges that he has been denied a speedy trial, and that his constitutional rights have therefore been violated and that the State is estopped from prosecution.

The petition is filed by the petitioner without the assistance of counsel, and the petition fails to disclose whether the case, the basis for the detainer, is pending before an examining magistrate or in the district court. We, therefore, to get the complete factual background, called on the county attorney to file response.

■ The county attorney, responding, alleges that in case No. 9535 in the district court of Oklahoma County, the defendant entered a plea of guilty to a charge of the murder of his wife, Gracia Cane, and on October 1, 1934 was sentenced to life imprisonment. That at the time he was charged in said case, in the common grave where his wife was found the remains of petitioner's three children were also found. That no other charges were immediately filed against defendant. This Court will take judicial knowledge that there have been many county attorneys in Oklahoma County since 1934, and that the present county attorney was not the county attorney at the time the remains of petitioner's children were so found in the common grave with their mother.

Respondent sets out that on May 16, 1960 he filed three murder charges against petitioner, by preliminary informations in the court of Mildred Boyer, justice of the peace, in connection with the murder of petitioner's three children. That said preliminary informations were filed at the request of Dave McConnell, who was one of the investigating officers at the time of the alleged murders in 1934, and that said officer obtained a confession from defendant, not only confessing that he murdered his wife, but also that he murdered his three minor children. The officer so obtaining said confession signed the preliminary informations as complaining witness.

Respondent correctly states that by provision of 22 O.S.A. § 151:

"There is no limitation of the time within which a prosecution for murder must be commenced. It may be commenced at any time after the death of the person killed."

■■ The prayer of the petition of the prisoner is to require the county attorney to dismiss the detainer that prevents him from being considered for a parole, thus the action is for mandamus, rather than habeas corpus. It has been the practice of this Court that the cause is determined by the allegations in the body of the petition and prayer, rather than the heading, and particularly where the petitioner is not trained in the law and files pro se.

■ Petitioner's prayer to require the county attorney to dismiss the detainer must fail. See Hurst v. Pitman, 1950, 90 Okl.Cr. 329, 213 P.2d 877, 882, holding that where a petitioner has never been in the jurisdiction of the examining magistrate, and though warrants of arrest have been issued but not served, the justice of the peace is not authorized nor required to set a date for preliminary hearing until after accused has been arrested and brought before the examining magistrate for arraignment upon the complaint filed against him. Thus petitioner has not been denied a speedy trial.

■ This does not mean that the petitioner has no remedy. If he thinks he is innocent of the charges he may obtain a trial by filing in the Oklahoma County district court a petition for writ of habeas corpus ad prosequendum in one or each of the cases now pending against him in the justice of the peace court of Mildred Boyer on preliminary information. He may waive preliminary hearings in said cases and ask that said cases be sent to the district court for attention and early trials. Should he fail to get said cases so processed and in due course set on a trial docket, a petition for writ of habeas corpus ad prosequendum to this Court would then be in order.

The principles of law involved were considered in some detail by this Court in the case cited by the county attorney, and being Thacker v. Marshall, Okl.Cr., 331 P.2d 488. There the leading cases from this Court are reviewed and distinguished. See also Jennings v. Raines, Okl.Cr., 353 P.2d

147, and Application of Graham, Okl.Cr., 356 P.2d 110.

The petition for writ of mandamus must be, for the reasons given, denied, and the same is denied.

NIX and BRETT, JJ., concur.