Amos J. JENNINGS et al., Petitioners,

v.

STATE of Oklahoma and James H. Harrod, County Attorney of Oklahoma County, Respondents.

No. A–13035.

Court of Criminal Appeals of Oklahoma.

May 24, 1961.

Amos J. Jennings, William V. Jennings, pro se.

James H. Harrod, County Atty., John M. Amick, Asst. County Atty., Oklahoma County, Oklahoma City, for respondent.

BUSSEY, Judge.

Petitioners Amos J. Jennings and William V. Jennings bring an original proceeding in mandamus against the Oklahoma County Court requesting that this Court command said County Court to dismiss charges currently pending against petitioners, which charges are the basis of "hold orders" placed against them with the penitentiary authorities. Petitioners are prisoners in the State Penitentiary at McAlister, and the existence of the "hold orders" deprive them of certain privileges which would otherwise enure to them. The Oklahoma County Attorney admits that charges of Burglary in the Second Degree are pending against petitioners in the Justice of the Peace Court of the Honorable Elmo Mc-Callister in Oklahoma County, and that these charges are the basis of the "hold orders" placed against the petitioners.

On June 15, 1960, in Jennings v. Raines, Okl.Cr., 353 P.2d 147, 148, this Court, speaking through the person of the Honorable John A. Brett, decided a habeas corpus and mandamus proceeding brought by the identical petitioners involving a charge pending against them in Comanche County. In his decision, Judge Brett held that mandamus will not lie to require the Justice of the Peace to act where he does not have jurisdiction of the person of the accused. See, also, Application of Graham, Okl.Cr., 356 P.2d 110. In the case at bar, the Chief Deputy of the Criminal Division of the Oklahoma County Sheriff's Office stated by affidavit that the petitioners were not and had not been within the jurisdiction of Judge McCallister's court at any time since the filing of these charges, and had not been served with process.

In the Jennings case, supra, Judge Brett outlined in detail the proper procedure to be followed by persons in circum-

stances like those of petitioners in the case at bar.

"Where a preliminary complaint is pending against a person in the Justice of the Peace Court in which case warrants have not been served, the Justice of the Peace Court is without jurisdiction to act in said cases and set same for hearing, but that does not mean that the accused is without relief for which he may proceed in the District Court of the County where the charge is filed by way of habeas corpus ad prosequendum, making the magistrate and the person having custody of the accused parties defendant, and should such efforts fail, original proceedings may be filed in the Court of Criminal Appeals."

See, also, Thacker v. Marshall, Okl.Cr., 331 P.2d 488.

Consistent with the prior decisions herein referred to, we hold that the relief prayed for should be and the same is hereby denied.

NIX, P. J., and BRETT, J., concur.