Bruce HAMMAN, Petitioner,

v.

TILLMAN COUNTY, the State of Oklahoma, Respondent.

No. A–13057.

Court of Criminal Appeals of Oklahoma.

July 19, 1961.

Bruce Hamman, pro se.

Amos Stovall, County Atty., Tillman County, Frederick, for respondent.

BRETT, Judge.

This is an original petition by Bruce Hamman, an inmate of the Oklahoma State Penitentiary, for writ of mandamus to give Hamman a speedy trial or dismissal for offenses of burglary and larceny of an automobile, allegedly committed on July 22, 1960 at Grandfield, Tillman County, Oklahoma. To this petition the county attorney, Hon. Amos Stovall, made due response.

The facts briefly appear to be as follows: The petitioner alleges he has been in the jurisdiction of the Tillman County authorities for eight months without a trial. To the contrary, the county attorney alleges

the facts to be, supported by the record, as follows: The petitioner was not in the county for eight months, but during all of said time he was confined in the state penitentiary at McAlester, Pittsburg County, Oklahoma, on two separate convictions in Comanche County, Oklahoma, and the courts of Tillman County had not acquired jurisdiction by warrant of arrest or in any other manner at such time.

Under such conditions there is no duty upon the committing magistrate before whom preliminary complaints are pending, and he is without authority to set the said matters for hearing, for jurisdiction of the person is lacking: Inverarity v. Zumwalt, 97 Okl.Cr. 294, 262 P.2d 725; Jennings v. Raines, Okl.Cr., 353 P.2d 147.

It further appears that the county attorney of Tillman County when apprised of the fact that petitioner desired a hearing on the charges of burglary and larceny of an automobile in Tillman County, Oklahoma, immediately instituted petition for writ ad prosequendum on the charges and caused petitioner to be ordered removed from the penitentiary for arraignment on the charges pending in Tillman County, Oklahoma,

before the county judge as committing magistrate. Upon petitioner's appearance, on June 21, 1961, waiver of preliminary and plea of not guilty were entered, and petitioner was bound over to the district court for trial on two charges, now pending as cases Nos. 2389 and 2390. The cases will be set for trial at the next term of the district court in that County.

■ This is practically an identical situation with the facts and principles involved in Jennings v. Raines, Okl.Cr., supra, wherein, as here, the county attorney upon being informed a speedy trial was wanted, instituted petition for writ ad prosequendum. The writ ad prosequendum, however, is not exclusive to the state, but is available to the petitioner, and is the relief that should have been sought by the petitioner in this instance. Procedural relief for speedy trial having been pursued by the county attorney, and the case being ready for assignment for trial on the next docket, this proceeding is moot, and the same is accordingly dismissed.

NIX, P. J., and BUSSEY, J., concur.