Alvin Lee MYERS, Petitioner,

v.

DISTRICT COURT OF MUSKOGEE COUNTY, and the State of Oklahoma, Respondents.

No. A–14591.

Court of Criminal Appeals of Oklahoma.

June 5, 1968.

Alvin Lee Myers, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

This petitioner filed an application for writ of mandamus, alleging that he is an inmate of the state penitentiary at McAlester; that on or about May 15, 1965 a warrant was issued in Muskogee County charging petitioner with the crime of robbery with firearms, at which time a hold order or detainer was lodged against petitioner with the authorities of the state penitentiary.

Petitioner alleges that he filed a proper motion in the Muskogee County district court, requesting trial of said charge, and that "said court and the district attorney refuses an order or proper adjudication of said motion".

Petitioner prays that "an alternative writ in mandamus issue directed to and commanding the district attorney of Muskogee County to try petitioner on said armed robbery charge, and for any other offenses for which he may be charged."

The Attorney General has filed a response to the petition, wherein it is admitted that there is a cause pending against petitioner in the Special Sessions Court of Muskogee County, being case No. 44463. That the warrant in said cause has never been served on the defendant named, and the court has never acquired jurisdiction of the petitioner to enable it to proceed further.

The Attorney General further states that respondents are informed and believe that no proper application has been made by petitioner to said Special Sessions or District Court in Muskogee County for the relief desired.

If the defendant in the instant case is desirous of a speedy trial, he should, without delay, file an application for a writ of habeas corpus ad prosequendum in the district court of Muskogee County, and if said petition is denied, he should then institute a proceeding in the nature of habeas corpus ad prosequendum in this Court. See: Ex parte Cameron, 97 Okl.Cr. 81, 258

**518**

P.2d 208, 210; Inverarity v. Zumwalt, 97 Okl.Cr. 294, 262 P.2d 725; Thacker v. Marshall, Okl.Cr.App., 331 P.2d 488; Hamman v. Tillman County, Okl.Cr.App., 363 P.2d 863; Johnson v. District Court, Okl. Cr., 413 P.2d 914.

In the case of Thacker v. Marshall, supra, this Court said:

"[T]he county attorney has been shown to be of the opinion that he can wait to continue the prosecution until Thacker has served his present sentence. To follow such course, if defendant has a good defense, would jeopardize defendant's rights and as said in Cameron [supra], reiterated in Inverarity [supra], 'He [accused] is entitled to every opportunity at the earliest possible moment to clear himself, if innocent, which the law assumes, and places the burden of proof upon the prosecution. But if the accused is guilty from evidence in the hands of the prosecution, the State should at the earliest opportunity seek to so prove. Only on such basis can respect for law and orderly procedure be expected and maintained.'

"The longer a case pends the more likelihood of witnesses becoming deceased, or moving to places unknown, or if present their memories becoming less accurate, and by reason thereof justice less likely to prevail."

If the petitioner in the instant case is desirous of a speedy trial, he should, without delay, file an application for a writ of habeas corpus ad prosequendum in the district court of Muskogee County, making the magistrate, and the person having custody of accused, defendants; and if said application is denied, he should then institute a proceeding in the nature of habeas corpus ad prosequendum in this Court. See Thacker v. Marshall, supra, and other cases cited.

Consistent with the prior decisions herein referred to, we hold that the relief prayed for should be and the same is hereby denied.

NIX, P. J., and BUSSEY, J., concur.