**T. L. MARTIN, Petitioner,**

v.

**R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–13151.**

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1961.

**514**

T. L. Martin, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

 This is a petition by T. L. Martin, an inmate of the State Penitentiary, for writ of certiorari, for which there is no provision in the Code of Criminal Procedure in Oklahoma.

Petitioner admits that he is presently serving a valid judgment and sentence rendered against him in the district court of Tulsa County, Oklahoma on a plea of guilty to a charge of burglary in the second degree, and wherein he was sentenced to serve a term of six years in the penitentiary; and states that he has no complaint relative thereto.

Petitioner does complain relative to what he denominates "supplemental restraint" by virtue of a detainer or hold order filed by the authorities of Sherman, Texas with the Warden of the Oklahoma State Penitentiary, and the prayer of his petition is to require the Warden of the Penitentiary to dismiss the detainer or hold order so placed against him.

It has been the practice of this Court to determine the nature of a cause by the allegations in the body of the petition and the prayer, rather than the heading, and particularly where the petitioner is not trained in the law, and files without the aid of counsel. Hence, we have treated the prisoner's petition as one for writ of mandamus. Cane v. Berry, Okl.Cr., 356 P. 2d 374.

This Court is without authority to grant the relief prayed. We know of no such holding to support such a theory. We can think of no better way to destroy comity of enforcement of the law between the states than to so hold. A sister state may file a valid detainer or hold order against one serving a valid sentence in the penitentiary at any time. This we cannot prevent under the law. However, if it were not well founded in the law, the question might be raised at the time extradition is attempted.

The action is, accordingly, dismissed.

NIX, P. J., and BUSSEY, J., concur.