James Edward SKINNER, Petitioner,

v.

Robert R. RAINES, Warden Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.

No. A–13053.

Court of Criminal Appeals of Oklahoma.

March 7, 1962.

James Edward Skinner, petitioner pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is a petition by James Edward Skinner, an inmate of the Oklahoma State Penitentiary which is titled a "Writ of Habeas Corpus Certiorari in Aid" for which there is no provision in our criminal code.

The record reflects and it is averred that defendant is confined in the Oklahoma State Penitentiary as a result of a judgment of the District Court of Oklahoma County wherein petitioner entered a plea of guilty of murder and was sentenced to life imprisonment.

Petitioner in his pleadings alleges that the state of Texas has placed a hold order on him with the warden of the Oklahoma State Penitentiary which deprives him of certain rights and privileges and restrains petitioner of his liberty, and he prays for an order from this court removing said hold.

■■ Though our criminal code provides no such procedure as habeas corpus by aid of certiorari it has been the policy of the court to determine the nature of a cause by the allegation in the petition, particularly where it is filed pro se without aid of counsel by inmates of the Oklahoma State Penitentiary or inexperienced defendants. We therefore consider this matter as an action in mandamus.

■ This court has recently passed upon this same question in the case of Martin v. Raines, Warden, Okl.Cr., 367 P.2d 513, wherein the court said:

"This Court is without authority to grant the relief prayed. We know of no such holding to support such theory. We can think of no better way to destroy commity of enforcement of the law between the states than to so hold. A sister state may file a valid detainer or hold order against one serving a valid sentence in the pentientiary at any time. This we cannot prevent under the law. However, if it were not well founded in the law, the question might be raised at the time extradition is attempted."

Since the Court is not vested with the authority to act herein, the action is accordingly dismissed.