**Johnny BROOKS, Petitioner,**

**v.**

**DISTRICT COURT OF OKLAHOMA COUNTY, Respondent.**

**No. A-13845.**

Court of Criminal Appeals of Oklahoma.

Dec. 8, 1965.

BUSSEY, Presiding Judge.

This is an original proceedings in which the petitioner, Johnny Brooks, seeks an Order of this Court directing the dismissal of charges pending against him in the District Court of Oklahoma County, Case No. 29055.

Petitioner alleges that he was arraigned on said charge on the 23rd day of August, 1963, and was released on bond and that he remained subject to the call of the Court of Oklahoma County for a period of Thirteen (13) months.

 Petitioner further alleges that he was arrested on the 10th day of October, 1964, in Tulsa County, Oklahoma, tried by a jury and sentenced to imprisonment in the State Penitentiary at McAlester, Oklahoma,

where he is presently confined. The petitioner alleges that five (5) terms of court have gone by since the institution of the charges against him in the District Court of Oklahoma County without said petitioner being afforded a speedy trial and that for the denial of his right to a speedy trial, the District Court of Oklahoma County is without jurisdiction to conduct further proceedings against him and that he is entitled to an Order of this Court directing the trial court to dismiss said charge and recall the warrant. The petitioner relies upon the provisions of 22 O.S. § 812, which provide:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

We are of the opinion that petitioner in the instant case is not entitled to the relief prayed for, for it affirmatively appears that he is not in custody by virtue of the charge pending against him in Oklahoma County, but under a judgment and sentence rendered against him by the District Court of Tulsa County. Moreover, petitioner does not allege that he has ever requested a trial and resisted a continuance of the case from term to term.

We have repeatedly held under 22 O.S. § 812, that a person on bail and not in custody by virtue of a charge pending against him, must affirmatively show that he demanded a trial and resisted the continuance of the case from term to term, but when he has not demanded the trial and resisted continuances, he is not entitled to a dismissal of the charge. See Harris, et al., v. Ogden, District Judge, 44 Okl.Cr. 418, 281 P. 316.

█ If the petitioner in the instant case is desirous of a speedy trial, he should, without delay, file an application for a writ of habeas corpus ad prosequendum in the District Court of Oklahoma County, and if said application is denied, he should then institute a proceeding in the nature of habeas corpus ad prosequendum in this Court. See Thacker v. Marshall, Okl.Cr., 331 P.2d 488.

The writ prayed for is accordingly denied.

NIX and BRETT, JJ., concur.