Jackie Dean JOHNSON, Petitioner.

v.

DISTRICT COURT OF MUSKOGEE
COUNTY, Respondent.

No. A–13870.

Court of Criminal Appeals of Oklahoma.

April 27, 1966.

Jackie Dean Johnson, pro se.

Charles Nesbitt, Atty. Gen., for respondent.

BUSSEY, Presiding Judge.

This is an original proceedings in which the petitioner, Jackie Dean Johnson, seeks an Order of this Court directing the dismissal of charges pending against him in the District Court of Muskogee County, Case No. 40533.

Petitioner alleges that the District Court of Muskogee County placed a Detainer against him on the 15th day of May, 1963, and thereafter, in November, 1963, he corresponded with the County Attorney of Muskogee County and requested a speedy trial and that the then County Attorney promised to bring him to trial in the next term of court; however, it does not appear that the petitioner ever filed a petition in the trial court requesting a speedy trial or resisted continuances.

The petitioner relies upon the provisions of 22 Okl.St.Ann. § 812, which provide:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

We are of the opinion that petitioner in the instant case is not entitled to the relief prayed for, for it affirmatively appears that he is not in custody by virtue of the charge pending against him in Muskogee County.

We have repeatedly held under 22 Okl.St. Ann. § 812, that person on bail and not in custody by virtue of a charge pending against him, must affirmatively show that he demanded a trial and resisted the continuance of the case from term to term, but when he has not demanded the trial and resisted continuances, he is not entitled to a dismissal of the charge. See Harris, et al., v. Ogden, District Judge, 44 Okl.Cr. 418, 281 P. 316; Brooks v. District Court of Oklahoma County, 408 P.2d 562.

If the petitioner in the instant case is desirous of a speedy trial, he should, without delay, file an application for a writ of habeas corpus ad prosequendum in the Dis-

trict Court of Muskogee County, and if said application is denied, he should then institute a proceeding in the nature of habeas corpus ad prosequendum in this Court. See Thacker v. Marshall, Okl.Cr., 331 P.2d 488.

The writ prayed for is accordingly denied.

BRETT and NIX, JJ., concur.