**Marvin E. BARNETT, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**Nos. A–14698, A–14727.**

Court of Criminal Appeals of Oklahoma.

Oct. 16, 1968.

Marvin E. Barnett, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding where we have combined for disposition the two separate petitions of Marvin E. Barnett, each of which seeks a writ of habeas corpus.

In his first petition, Case No. A–14,698, Petitioner alleges that a detainer has been placed upon him at the Oklahoma State Penitentiary where he is presently incarcerated by the officials of Oklahoma County for the charges pending against Petitioner in Case No. 29361, District Court, Oklahoma County. Petitioner requests that he either be given a speedy trial on this charge or that the same be dismissed.

In his subsequent petition, Case No. A–14,727, Petitioner requests habeas corpus release based on several grounds, namely: (1) Improper selection of a jury at his trial where prospective jurors were dismissed because they did not believe in capital punishment; (2) Petitioner was not advised of his rights at the time he was arrested; (3) Petitioner was not represented by an attorney when he was taken before a magistrate, the Justice of the Peace, after his arrest; (4) Petitioner was not represented by an attorney when he was

questioned by the police; (5) Petitioner was denied the right of an appeal; (6) and Petitioner's attorney was incompetent.

Petitioner acknowledges that he was represented by counsel at his preliminary hearing before the Justice of the Peace. The record of the District Court of Oklahoma County reflects that on October 16, 1964, Petitioner was represented by counsel at his arraignment in District Court. On February 4, 1965, Petitioner's motion for a continuance was granted on the basis that his counsel, Archibald Hill, was a member of the Oklahoma Legislature then in session. On June 14 through 26, 1965, Petitioner was tried and at that time represented by counsel, Mr. Hill and Albert Alexander. On June 26, 1965, the jury returned a verdict of guilty as charged. On July 3, 1965, Petitioner came on for sentencing where his motion for new trial was overruled and notice of appeal was given in court. Approximately three months later, on October 19, 1965, the record indicates that Petitioner's motion for a casemade at public expense was overruled by the District Court.

█   As regards the allegation that the selection of a jury violated Petitioner's constitutional rights, it would appear that Petitioner seeks to take advantage of the recent ruling of the United States Supreme Court in the case of Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). In that decision the court held that a juror could not be challenged for cause on the sole ground that he is opposed to capital punishment and a death sentence could not be executed if imposed by a jury from which prospective jurors have been removed for cause who, without more, are opposed to capital punishment. On the same date of the Witherspoon decision the United States Supreme Court handed down Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), in which the Court held:

"Our decision in Witherspoon does not govern the present case, because here the

jury recommended a sentence of life imprisonment."

Since Petitioner received a life sentence as opposed to the death penalty, he is unable to receive relief for the reason that prospective jurors at his trial were excused because they did not believe in the death penalty.

■ Next we consider Petitioner's allegations (2) that he was not advised of his rights when he was arrested, (3) that he did not have an attorney when he was taken before the Justice of the Peace, and (4) that he was not furnished an attorney during police interrogation. At the outset we would note that this case took place prior to Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. In Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the United States Supreme Court held that the Miranda guidelines were available only to those trials not begun as of June 13, 1966. Accordingly, said guidelines would not apply in Petitioner's case.

■ Furthermore, it appears that any prejudicial errors occurring in these preliminary proceedings could have been raised by Petitioner in district court before he entered a plea or at his trial where he was represented by counsel. While an accused in Oklahoma is entitled to an attorney at all stages of the proceedings against him, absence of counsel at the time that Petitioner was taken before the Justice of the Peace does not constitute fundamental error without a showing that prejudice resulted thereby when the accused was represented by counsel of his own choice at the preliminary hearing, his arraignment, and at his trial. Parker v. State, Okl.Cr. App., 330 P.2d 1049. Winchester v. State, Okl.Cr.App., 403 P.2d 257. Speer v. Page, Okl.Cr.App., 415 P.2d 176. Petitioner does not allege that a confession was used in the trial against him which was extracted from him prior to the time that he had the assistance of counsel. In these circumstances we do not find that Petitioner was denied the right to representation by counsel, or that any constitutional right was violated which would warrant habeas corpus release.

■ Regarding Petitioner's allegation (5) that he was denied the right of appeal, we find that the record clearly indicates that a notice of appeal was given in open court at the time Petitioner was sentenced. Consequently, Petitioner cannot argue that he did not know of the right to appeal. The record also reflects that on October 19, 1965, which was beyond the time in which Petitioner was allowed to perfect an appeal, the trial court overruled an application by the Petitioner for a casemade at public expense. On January 17, 1968, this Court in Case No. A–14,508, dismissed this Petitioner's application for a post-conviction appeal for the reason that Petitioner was not indigent at the time that he applied for a casemade at public expense nor was he indigent when the time expired in which to perfect an appeal. Accordingly, we find that Petitioner has not been denied an appeal, but rather has failed to perfect one as required by mandatory statutory procedures. Houston v. State, Okl.Cr. App., 409 P.2d 377.

■ Petitioner further alleges (6) that he was represented by incompetent counsel. The record affirmatively shows that Petitioner was represented by two attorneys who have been duly admitted to the Oklahoma Bar and that one of Petitioner's counsel, Mr. Hill, is a member of the Oklahoma Legislature. Petitioner offers nothing to indicate in what way or manner his counsel failed to adequately protect him. This court has held that the unsupported allegation of a petitioner that his counsel was incompetent was without merit where it appears that his counsel was a duly licensed member of the bar. Grubbs v. State, Okl.Cr.App., 397 P.2d 522. This court has also held that a petitioner's contention that he was forced to trial with an attorney who lacks sympathy and interest is not a question to be raised on habeas corpus. Shelton v. State, Okl.Cr.App., 381 P.2d 324. It is therefore apparent that Petitioner's unsupported allegation does not

indicate that his counsel made the proceedings against him a farce and mockery of justice, shocking to the conscience of the court, which is necessary to support a charge of inadequate legal representation. Goodwin v. Page, Okl.Cr.App., 444 P.2d 833.

The sole ground urged in Petitioner's other request for habeas corpus release, Case No. A–14,698, is the demand that he be given a speedy trial in Case No. 29361, District Court of Oklahoma County, or that the detainer placed on him at the penitentiary for said cause be removed. This court has consistently held that a petitioner seeking a speedy trial should file an application for a writ of habeas corpus ad prosequendum in the court in which the charges against him are pending, and if such application be denied, petitioner should then institute a proceeding in the nature of habeas corpus ad prosequendum in the Court of Criminal Appeals. Brooks v. District Court of Oklahoma County, Okl.Cr.App., 408 P.2d 562. Johnson v. District Court of Muskogee County, Okl.Cr.App., 413 P.2d 914. In the instant case Petitioner apparently has not made application to the District Court of Oklahoma County to bring him to a speedy trial on the pending charge, Case No. 29361. If Petitioner does so, and such application is denied, he would then have standing to file an application for habeas corpus ad prosequendum in this court. Accordingly, we find that Petitioner is not presently entitled to relief from this Court because of the detainer placed on him at the State Penitentiary.

For the reasons set forth above we hold that both petitions for writ of habeas corpus be denied and that the above numbered and styled causes be dismissed. Writs denied.

These applications were assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law by the Referee in the consolidated cases were submitted to the Court and approved and adopted by the Court.