**Joe Junior PEARSON, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. A–14799.**

Court of Criminal Appeals of Oklahoma.

Nov. 27, 1968.

Joe Junior Pearson, pro se, petitioner.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

### PER CURIAM:

This is an original proceeding in which Joe Junior Pearson seeks a writ of habeas corpus to release him from his present confinement in the Oklahoma State Penitentiary under judgment and sentence in the District Court of Oklahoma County, Case No. 16492, pronounced on December 3, 1943.

Petitioner alleges that the plea of guilty upon which judgment and sentence was entered was not in accord with due process of law and that, therefore, the judgment and sentence must be set aside. Specifically, Petitioner alleges that he was questioned by police officers without the presence of counsel and that he admitted to these officers that he had committed the offense. It is on this basis that Petitioner challenges the judgment and sentence rendered against him.

Petitioner acknowledges that he was represented by counsel at his preliminary hearing and the records affirmatively show that Petitioner was represented by counsel prior to, and at the time he entered his plea of guilty. The records show that petitioner was represented by Robert R. Rittenhouse on November 30, 1943, when Petitioner's demurrer to the information was argued. When the demurrer was overruled, Petitioner's counsel entered a plea of not guilty and a special plea of not guilty on account of insanity. The record further indicates that an application for the appointment of medical examiners was made for Petitioner. On December 3, 1943, Petitioner withdrew his pleas of not guilty and not guilty on account of insanity, waived trial by jury, and entered a plea of guilty. Not only does the record name Petitioner's counsel but the entries in the appearance docket are such as would be made by an attorney and not by an unlearned defendant. We therefore find that Petitioner was represented by counsel in the proceedings prior to and at the time he entered his plea of guilty.

As Petitioner waived trial and entered a plea of guilty, there was no introduction into evidence of a confession. Although in-custody interrogation of an accused without benefit of counsel is not favored, such occurrence by itself does not constitute the denial of constitutional rights when such occurred prior to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, and where no evidence was introduced in the trial of the defendant resulting from such an interrogation In accord with this Court's decision in Barnett v. State, Okl.Cr.App., 446 P.2d 89, the Petitioner in the instant case has failed to state circumstances which would justify the issuance of a writ of habeas corpus.

Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.