Franklin D. WINSHIP, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–16738.

Court of Criminal Appeals of Oklahoma.

Nov. 16, 1971.

Carl E. Leforce, Idabel, Joe Stamper, Antlers, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Franklin D. Winship, hereinafter referred to as defendant, was charged in the District Court of Choctaw County, Oklahoma with the offense of Murder. He was tried and found guilty of Manslaughter in the First Degree. His punishment was fixed at fifteen (15) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the propositions asserted, we do not deem it necessary to recite a detailed statement of fact. Suffice it to say that the deceased and the defendant, who had previously been friends, became engaged in a scuffle at a tavern in Idabel. Defendant took a blackjack away from the deceased, whereupon a barmaid attempted to stop the fight. She was shoved away by the defendant. The struggle continued with the defendant pushing the deceased to the floor. The defendant holding the deceased's legs in the air, placed a snub nosed .38 caliber pistol next to defendant's leg and fired. The bullet penetrated the leg and entered the midsection of the body. The medical testimony revealed that the deceased died as a result of internal hemorrhaging resulting from the gun shot wound. The defendant testified that he and the deceased were very good friends and that he attempted to stop a fight between the deceased and a third party. He testified that the deceased attempted to pull a weapon from under the defendant's shirt, and during the resulting struggle, the gun accidently discharged.

The first proposition asserts that "the jury was permitted to separate during its deliberations with the result that injury could have resulted to the defendant and that opportunity existed for improper influence to be observed upon said jurors to the prejudice of the defendant." The basis for the proposition arises out of the method of housing or sleeping the jury during the night recess. We have uniformly held that on proof of separation of the jury after final submission of the case, the prosecution has the burden to show that no injury could have resulted to defendant therefrom. Green v. State, Okl.Cr., 319 P.2d 321. In the instant case, the trial court conducted a lengthy hearing concerning defendant's motion for new trial and arrested judgment, wherein the two bailiffs, the managers of the hotel involved, and all twelve jurors testified. At the conclusion of the hearing, the trial court stated:

"It would appear to me that the trial court would have to rely upon the testimony of the jurors and even if there was one juror whose testimony indicated an opportunity of having communicated with anyone in connection with the case, I think this court would immediately have to grant you a new trial. If I am correct premises that there 12 jurors called to the witness stand. I am correct in that aren't I?

"BY MR. PAYNE: Yes sir.

"THE COURT: Each of the jurors were examined as to their conduct and I feel from the testimony of the jurors the State has overcome its responsibility in establishing the fact that no injury was committed and for that reason I am overruling the motion for new trial and let the exception be show." (Tr. 628 and 629)

We have carefully reviewed the Record and are of the opinion that the prosecution met the burden to establish affirmatively that the separating jury or juror conversed with no one as to the defendant's guilt, and that no other influences were brought to bear on the jury or any of its members which might have biased their deliberations. We, therefore, find this proposition to be without merit.

The final proposition contends that the trial court erred in overruling the motion to dismiss for lack of a speedy trial. Chronological order of the proceedings reflects that the defendant was charged by preliminary information on May 5, 1969. Preliminary was had and defendant was bound over by the court for jury trial on June 13, 1969. The defendant was arraigned on October 22, 1969. The defendant was then set free on $15,000 bond from June 3, 1969, to March 14, 1970, when he was arrested and placed in the county jail on other felony charges. The original bond was not exonerated. The cause was set for trial on the December, 1969, docket, wherein on November 26, 1969, the defendant filed a motion for continuance which was denied on December 1, 1969; thereupon, on December 8, 1969, the State filed a request for a continuance for the reason of an absent witness, which was granted without objection by the defendant. The case was reset for trial on April 27, 1970, but prior thereto the defendant, upon his motion, was ordered committed to the Eastern State Hospital for observation and was returned on the 28th day of June, 1970. The defendant escaped from the county jail in Idabel on August 21, 1970, and was gone for thirteen days. A misdemeanor jury docket was held on July 20, 1970, and a civil jury docket was held on September 20, 1970; and the defendant was released from jail on October 30, 1970 by making bond on the other charges filed against him. The trial in the instant case was conducted on December 7, 1970.

We need only to observe that the defendant was free on bond posted in the instant case from June 30, 1969, that on the first trial setting, the defendant requested a continuance and did not object when the cause was continued at the State's request; that on the next trial setting that the trial was continued because of the defendant's own motion for observation, that the defendant did not at any time demand a speedy trial nor did he resist the continuances of the case from jury term to jury term. In Brooks v. District Court of Oklahoma County, Okl.Cr., 408 P.2d 562, we stated:

"We have repeatedly held that under 22 O.S. § 812, that a person on bail and not in custody by virtue of a charge pending against him, must affirmatively show that he demanded a trial and resisted the continuance of the case from term to term, but when he has not demanded the trial and resisted continuances, he is not entitled to a dismissal of the charge. See Harris, et al., v. Ogden, District Judge, 44 Okl.Cr. 418, 281 P. 316."

We, therefore, find this proposition to be without merit.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT, J., concurs.