**Willie B. WOODRAL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–74–508.**

Court of Criminal Appeals of Oklahoma.

Nov. 26, 1974.

O. B. Martin, Martin & Kisner, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Oklahoma County, Case No. CRF–73–1058, appellant, Willie B. Woodral, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Indecent Exposure. His punishment was fixed at three (3) years' imprisonment, two (2) years suspended by judgment and sentence pronounced December 20, 1973.

On January 4, 1974, defendant filed a motion for new trial on the basis of newly discovered evidence. On March 22, 1974, the defense presented two witnesses in support of their motion for new trial and the case was continued for further hearing. On July 26, 1974, hearing on the motion was continued at which time eight additional witnesses were sworn and testified on behalf of the defense and State. At the conclusion of the said hearing defendant's motion for new trial was overruled. On August 2, 1974, defendant made application in this Court for a Writ of Habeas Corpus. Thereafter, on August 6, said application was dismissed. Subsequently, on August 6, application for post-conviction relief was made in the District Court, Oklahoma County. From the District Court's denial of said relief, defendant has perfected a timely appeal to this Court.

The evidence adduced at the hearing conducted on March 22, 1974, from the testimony of Carrie Deen LaCount and Ruth Rivers, revealed that on the date that defendant was tried, after the jury was sent to the jury room to deliberate a verdict, the prosecutor followed the jurors into the jury room and remained in that jury room for a short period of time. Thereafter, the defense rested.

On July 26, 1974, after the court's recess of the hearing, the defense reopened its case and presented the testimony of Tommy Mackey who also testified that he observed Mr. Swartz, the prosecutor, enter the jury room with the jury.

For the State, James L. Swartz, the prosecutor in the instant case, testified that he did not enter the jury room as suggested by defendant's witnesses. Adrian Ann Rippy, the court bailiff, testified she remained outside the jury room during the entire time the jury deliberated and at no time did Mr. Swartz enter the jury room. Milton C. Thompson, Timothy D. Ryan, Jimmy H. Pursley and David D. Lobaugh, jurors who sat on defendant's case, testified that during the time the jury was deliberating the verdict in defendant's case no one other than the jurors entered the jury room.

Ruth Rivers was recalled by the State to give additional testimony. The substance of that testimony included her description of the person who entered the jury room and the door through which he entered.

Thereafter, the defense rested.

Defense counsel asserts one assignment of error wherein he argues that under the provisions of 22 O.S.1971, § 853 and 22 O.S.1971, § 857, as construed by this Court in the case of Lowrey v. State, 87 Okl.Cr. 313, 197 P.2d 637 (1948), the evidence adduced by the defense at the evidentiary hearing which established that the prosecutor entered the jury room during deliberations by the jury requires reversal of this case. This Court in *Lowrey,* supra, held that it is presumed, in the absence of clear, distinct and convincing proof to the contrary, prejudicial error occurs at the time a court officer enters a jury room during deliberations. This Court, however, in Winship v. State, Okl.Cr., 491 P.2d 324 (1971) held that this presumption generated by separation or invasion of a jury's privacy during deliberations may be rebutted by sworn testimony from jurors who deliberated the verdict when the testimony from the jurors clearly shows the defendant was not prejudiced by the alleged misconduct.

We, however, note that the instant case is distinguishable from the authority submitted by defense counsel. In the instant case a factual question was raised at the evidentiary hearing conducted on defendant's motion for new trial. Defense witnesses testified that the prosecutor entered the jury room. The State's witness' testimony is in diametric conflict. The State's testimony established that the prosecutor did not enter the jury room during the time the jury was deliberating the verdict. This is clearly a question of fact for the trial court to resolve. The trial judge is in a position to observe the demeanor of witnesses and determine their credibility and as we have repeatedly held, it is for this reason this Court will not invade the province of the trier of facts in resolving a factual question when the trial judge's ruling is based on legally sufficient evidence and is not clearly erroneous. Wesley v. State, Okl.Cr., 505 P.2d 1330 (1973). Based upon the evidence adduced at the hearing, the trial judge presumably concluded that the prosecutor did not enter the jury room. This conclusion is supported by legally sufficient evidence. Consequently, we hold that when evidence is presented that a court officer made unauthorized entry into a jury room during deliberation and said evidence is controverted, it is within the province of the trial court to determine whether or not the unauthorized entry was in fact made. Unless

the trial judge's conclusion is clearly erroneous, his determination of the facts will be conclusive.

The District Court's order denying post-conviction relief is affirmed.

BRETT and BUSSEY, JJ., concur.